IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI, DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 3 2000

MICHAEL N. MILBY, CLERK

| | | |
|---|---|---|
| FRANCISCO JAVIER FLORES-ORDAZ, | § | |
| | § | |
| Petitioner | § | |
| | § | CIVIL ACTION NO. C-00-017 |
| v. | § | |
| | § | |
| JANET RENO, UNITED STATES | § | |
| ATTORNEY GENERAL, ET AL., | § | |
| | § | |
| Respondents | § | |

## RESPONDENTS' MOTION FOR SUMMARY JUDGMENT

Respondents, the Attorney General of the United States and the Commissioner of the Immigration and Naturalization Service (INS), move pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment because there is no issue of material fact and they are entitled to judgment as a matter of law. There is no issue of material fact because petitioner seeks judicial review of his deportation order in this case and it will be decided upon review of the administrative record made up of documents from petitioner's INS administrative file (A-File) attached as exhibits to this motion. Respondents are entitled to judgment because petitioner cannot establish the substantial prejudice needed to sustain a due process challenge to a deportation order. Petitioner's conviction makes him ineligible for any relief from deportation. In support of this position, respondents submit the following:

1.

## STATEMENT OF THE CASE

Petitioner, Francisco Javier Flores-Ordaz (Flores), is a burglar and rapist from Mexico. He lost his resident alien status and was ordered deported because of his aggravated felony convictions. Belatedly, Flores seeks judicial review of that deportation order in this case.

While respondent conceded that this court has subject matter jurisdiction to entertain habeas corpus petitions seeking review of constitutional and statutory challenges to deportation orders by criminal aliens precluded from seeking direct review in the courts of appeals by the transition rules in Section 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. 104-208, 110 Stat. 3009 (September 30, 1996) (IIRIRA), respondents moved for dismissal because the Court lacked subject matter jurisdiction to entertain this petition since it was untimely. In this motion for summary judgment, respondents address the lack of merit to petitioner's challenge to his deportation order.

## STATEMENT OF FACTS

Flores entered the United States as a resident alien on July 29, 1966 (Exhibit 1). He later served briefly in the United States Nay at the Kingsville, Texas Naval Air Station. His service was less than satisfactory because after 18 months he received a General Discharge rather than an Honorable Discharge (Exhibit 2).

2

Flores was prosecuted for burglary of a vehicle in the 63d District Court of Val Verde County, Texas. He received a probated sentence upon his guilty plea. However, Flores failed to take advantage of this opportunity to turn his life around and his probation was revoked and he was sentenced to serve two years in the custody of the Texas Department of Corrections (TDC) (Exhibit 3).

Flores did not learn from this experience. In 1991, he was charged with sexual assault in the 222d District Court of Deaf Smith County, Texas. Flores entered a plea of guilty and was sentenced to serve 14 years in the custody of the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID) on December 20, 1991 (Exhibit 4). Presently, Flores is serving this sentence.

Flores was placed in deportation proceedings on March 24, 1997 by being served with an Order to Show Cause (OSC) (Exhibit 5). The OSC charged him with being deportable as an alien convicted of two crimes involving moral turpitude and an aggravated felony.

Flores was represented throughout his deportation proceedings by a staff attorney from the Texas Inmate Legal Services organization. His deportation hearing was continued several times so his counsel could apply for a certificate of citizenship and the INS could adjudicate the application (Exhibit 6, pages 2, 3, 5, 6, 7, 9, 10).

3

The application (Exhibit 7) shows that Flores claimed he became a citizen when his parents were naturalized. However, the application showed that Flores, who was born on July 24, 1962, was over 18 on March 20, 1985 when his father was naturalized. His mother was naturalized April 10, 1992. Since Flores was over 18 when his parents were naturalized, he did not acquire citizenship and his application was denied by the INS (Exhibit 8).

After the certificate of citizenship application was denied, the adjourned deportation proceedings were reconvened on June 4, 1999. At a prior hearing, Flores, through counsel, denied that the allegations in the OSC that he was a citizen of Mexico and not a United States citizen and admitted the other allegations(Exhibit 6, page 11). At the June 4, 1999 hearing, the Immigration Judge (IJ) admitted the application for certificate of citizenship and the INS denial of the application (Exhibit 6, page 12). The IJ found that Flores was not a citizen of the United States and he was deportable as charged in the OSC (Exhibit 6, page 13). Flores made no application for relief from removal (Id.) The IJ then dictated his oral decision ordering Flores deported to Mexico (Exhibit 6, page 13 and Exhibit 9).

Flores appealed this decision to the Board of Immigration Appeals (BIA). However, the Board dismissed the appeal in a decision dated September 20, 1999 (Exhibit 10). The BIA found that "no evidence was presented that [Flores] has any right to United

4

States Citizenship." The Board agreed with the IJ that as a result of his aggravated felony convictions, Flores "was ineligible for any form of relief from deportation that is within the power of the Immigration Judge or this Board to grant."

## LEGAL ANALYSIS

**To sustain a due process challenge to a deportation order, an alien must show substantial prejudice.**

Courts review due process challenges to administrative immigration deportation or removal orders on a <u>de novo</u> basis. <u>Anwar v. INS</u>, 116 F.3d 140, 144 (5th Cir 1997); <u>Ogbemudia v. INS</u>, 988 F.2d 595, 598 (5th Cir. 1993). However, due process challenges to deportation and removal orders require an initial showing of substantial prejudice. <u>Anwar</u>, at 144; <u>Howard v. INS</u>, 930 F.2d 432, 436 (5th Cir. 1991). In order to show substantial prejudice, Flores must make a prima facie showing of eligibility for relief from deportation and a strong showing that relief would be granted. <u>Anwar</u>, at 144. As an alien who is deportable as an aggravated felon, Flores is ineligible for any relief from deportation. Consequently, he cannot sustain a due process challenge to his deportation order.

The arguments in Flores' habeas corpus petition are less than crystal clear. He claims improper evidence was used and cites to the hearing transcript (Exhibit 6) pages 6 and 7 as a place where the IJ "unconstitutionally participated in obtaining evidence". Petition paragraph 12 a. However, the IJ's questions on that page

5

GOVERNMENT
EXHIBIT
1

SN A

UNITED STATES OF AMERICA
## IMMIGRANT VISA AND ALIEN REGISTRATION

| OF: | (Family name) | (First name) | (Middle name) |
|---|---|---|---|

I- 2975766

FLORES-ORDAZ,   FRANCISCO JAVIER

PORT OF   EAGLE PASS, TEXAS   **EGP**   **144**

### ACTION OF SPECIAL INQUIRY OFFICER

... that the immigrant named herein arrived in the United States at this port on   TOLL BRIDGE

JUL 2 6 1966

Name of ... IMMG. & NATZ. SERVICE
... was inspected   EAGLE PASS, TEX. 42

ADMITTED

JUL 2 9 1966

CLASS   SA-1
TO   INDEF.

detained for further inquiry by special officer under
Symbol ...................................
Section ..................................... of the Immigration and Nationality Act

_____
Immigrant Inspector.

The immigrant herein was (admitted) (excluded) and { no appeal taken / appeal taken } under

Symbol ..........................................

Section .............................. of the Immigration and Nationality Act.

_____
Special Inquiry Officer.

### ACTION ON APPEAL

ADMITTED

EXCLUDED

DATE

AMERICAN CONSULATE GENERAL

AT   MONTERREY N.L. MEXICO

JACK W. RONTO
VICE CONSUL   of the United States of America.

Service No. _____
Tariff Item No. _____   21
Fee Paid $20
Local Cy equiv. _____

Sec. 212 (a) (14) not statutorily required.

This visa is issued under Section 221 of the Immigration and Nationality Act, and upon the basis of the facts stated in the application.

### IMMIGRANT CLASSIFICATION

| NONQUOTA (Symbol) | QUOTA (Symbol) |
|---|---|
| SA-1 | |

VISA PETITION NO., IF ANY   ---

| IMMIGRANT VISA NO. | QUOTA |
|---|---|
| | -- |

| ISSUED ON | (Day) | (Month) | (Year) |
|---|---|---|---|
| | 28 | July | 1966 |

THE VALIDITY OF THIS VISA EXPIRES MIDNIGHT AT THE END OF

| (Day) | (Month) | (Year) |
|---|---|---|
| 27 | November | 1966 |

NATIONALITY (If stateless, so state, and give previous nationality)

Mexican

### PASSPORT

NO.   73-12(162)66

OR OTHER TRAVEL DOCUMENTS (Describe)   ---

| ISSUED TO | Maria Concepcion Ordaz de Ortiz |
|---|---|
| BY | Mexican Consulate- Del Rio, Texas |
| ON | June 20, 1966 |
| Dt. EXPIRES | June 19, 1968 |

FORM FS-511

16—76587-2   U.S. GOVERNMENT PRINTING OFFICE

GOVERNMENT PRINTING OFFICE 1978—258—1

Form Approved
OMB No. 43-R0265

### UNITED STATES DEPARTMENT OF JUSTICE
IMMIGRATION AND NATURALIZATION SERVICE

## REQUEST FOR
## CERTIFICATION OF MILITARY OR NAVAL SERVICE
(SUBMIT IN TRIPLICATE)

| ALIEN REGISTRATION NO. | DATE OF REQUEST |
|---|---|
| A17305144 | 24 FEB 82 |

For use in connection with my petition for naturalization, please complete the certification of military service on the reverse and furnish it to the office of the Immigration and Naturalization Service shown in the address block below. The information shown below is furnished to help locate and identify my military records. APPLICANT: FURNISH AS MUCH INFORMATION AS POSSIBLE. IF YOU WERE ISSUED A REPORT OF SEPARATION, DD FORM 214, ATTACH A COPY. FILL IN THE BLANKS ON THIS PAGE ONLY. PLEASE TYPE OR PRINT CLEARLY. PRESS FIRMLY—ALL COPIES MUST BE LEGIBLE. (DO NOT USE PENCIL)

| NAME USED DURING ACTIVE SERVICE (Last, first, middle) | SOCIAL SECURITY NO. | DATE OF BIRTH | PLACE OF BIRTH |
|---|---|---|---|
| FLORES FRANK J | 460152045 | 24 JUL 62 | DGO MEX |

For an effective records search, it is important that ALL periods of service be shown below. (Use blank sheet if more space is needed.)

ACTIVE SERVICE:

| BRANCH OF SERVICE (Show also last organization if known.) | DATE ENTERED ON ACTIVE DUTY | DATE RELEASED FROM ACTIVE DUTY | CHECK WHICH OFFICER ENLISTED | SERVICE NUMBER DURING THIS PERIOD |
|---|---|---|---|---|
| U.S. NAVY NAS KINGSVILLE | SEP 26, 80 | FEB 15, 82 | ✓ | 460152045 |

RESERVE OR NATIONAL GUARD SERVICE: ➔ If none, check ☑ None

| BRANCH OF SERVICE | CHECK WHICH RESERVE N GUARD | DATE MEMBERSHIP BEGAN | DATE MEMBERSHIP ENDED | CHECK WHICH OFFICER ENLISTED | SERVICE NUMBER DURING THIS PERIOD |
|---|---|---|---|---|---|
| | | | | | |

ARE YOU A MILITARY RETIREE OR FLEET RESERVIST? ☑ No ☐ Yes

| SIGNATURE (Present Name) | PRESENT ADDRESS (Number, Street, City, State, and ZIP Code) |
|---|---|
| Frank S. Flores | 305 CHIHUAHUA DEL RIO TX 78840 |

### INSTRUCTIONS TO CERTIFYING OFFICER

Persons who are serving or have served honorably under specified conditions in the armed forces of the United States, inclusive of the reserve components of the armed forces of the United States, are granted certain exemptions from the general requirements for naturalization. The law requires such service to be established by a duly authenticated copy of the records of the executive department having custody of the record of service, showing whether the serviceman served honorably in an active-duty status, a reserve-duty status, or both, and whether each separation from the service was under honorable conditions. For that purpose, the certified statement on the reverse of this form, executed under the seal of your department, is required and should cover not only the period(s) of service shown above, but any other periods of service (active, reserve, or both) rendered by the serviceman.

The reverse of this form should be completed, or the information called for furnished by separate letter, and the form and letter returned to the office of the Immigration and Naturalization Service at the address in the box immediately below.

Immigration and Naturalization Service

◀ RETURN TO

Please type or print complete return address. Include ZIP code.



GOVERNMENT EXHIBIT 2

Form N-426 (Rev. 5-13-78)N

## CERTIFICATION OF MILITARY OR NAVAL SERVICE

☒ Name correctly shown on front of form.  *FRANK J. FLORES*
☐ Name as shown in records. _____

### ACTIVE SERVICE

| 1. ENTERED SERVICE AT | 2. ON | 3. SERVED TO | 4. BRANCH OF SERVICE | 5. STATE WHETHER SERVING HONORABLY. IF SEPARATED, STATE WHETHER UNDER HONORABLE CONDITIONS. IF OTHER THAN HONORABLE, GIVE FULL DETAILS. ALWAYS COMPLETE ITEM 11. |
|---|---|---|---|---|
| AFEES SAN ANTONIO | SEP 26 80 | FEB 15, 82 | NAVY | *GENERAL DISCHARGE UNDER HONORABLE CONDITIONS* |

### RESERVE OR NATIONAL GUARD SERVICE

| 6. BRANCH OF SERVICE | 7. CHECK WHICH RESERVE / N. GUARD | 8. BEGAN | 9. ENDED | 10. STATE WHETHER SERVING HONORABLY. IF SEPARATED, STATE WHETHER UNDER HONORABLE CONDITIONS. IF OTHER THAN HONORABLE, GIVE FULL DETAILS. ALWAYS COMPLETE ITEM 11. |
|---|---|---|---|---|
| *NONE* | | | | |

11. **STATEMENT REGARDING ALIENAGE.** *(Complete this item on ALL cases.)*
☒ Record shows this person **WAS NOT** discharged on account of alienage.
☐ Record shows this person **WAS** discharged on account of alienage. Details: _____

12. **REMARKS.** Use for continuation of any of above items. You should also show in the space below any **DEROGATORY INFORMATION** in your records relating to the serviceman's character, loyalty to the United States, disciplinary actions, convictions or other matters touching on his fitness for citizenship.

*N/A*

Complete this block if subject is a "Lodge Act enlistee" - 64 Stat. 316 (Army). Subsequent to enlistment under the

Lodge Act on ____*N/A*____ , subject entered _____ (the United States, American Samoa, Swains Island, or the Canal Zone)

_____ at the port of _____

pursuant to Military orders on _____ via _____ .

I CERTIFY that the information here given concerning the service of the person named on the face of this form is correct

according to the records of the _____ .
(Name of department or organization)

[SEAL]        *(Official signature)* _____

Date *24 FEB* , 19 *82*        By *Frank S Flor*

CMsPDF www.faxto.com

NO. 50C

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
|---|---|---|
| VS. | § | VAL VERDE   COUNTY, TEXAS |
| FRANCISCO FLORES | § | 63RD JUDICIAL DISTRICT |

## I N D I C T M E N T

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The Grand Jurors for the county of   Val Verde  , State of Texas, duly selected, impaneled, sworn, charged and organized as such at the    June    term, A.D., 1983 , of the 63rd Judicial District Court of said county, upon their oaths present in and to said Court that   FRANCISCO FLORES on or about the   9th    day of    October, 1983   , and before the presentment of this indictment, in said county and state, did then and there with intent to commit theft, intentionally and knowingly break into and enter a vehicle, to-wit: a Chevrolet pickup, without the effective consent of JESSE ARCOS, JR., the owner of said vehicle,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Foreman of the Grand Jury

(11-09-83)

GOVERNMENT EXHIBIT 3

Thomas F. Lee
District Attorney

B-121—COMMITMENT TO TEXAS DEP  . . T OF CORRECTIONS—Class 4. (Rev. 10-77)       R SALE BY STAFFORD-LOWDON CO. FORT WORTH

# COMMITMENT

THE STATE OF TEXAS

IN THE ~~63RD JUDICIAL~~ DISTRICT COURT,

COUNTY OF......VAL VERDE................

......JANUARY.............TERM, A.D. 19.86.

IN RE:

THE STATE OF TEXAS
vs.

No. 5006

........FRANCISCO FLORES........
Defendant.

To the Director of Corrections of the Texas Department of Corrections, or any other officer legally authorized to receive convicts, greeting:

Whereas, by the judgement of the Honorable **and Order Placing Defendant on Probation**............District Court

of......Val Verde.............County, Texas, in the above styled and numbered cause, made and

entered on the......9th......day of......January.............A. D. 19.84., in Book...21..., Page.426-428.

the above named defendant **did plead guilty, true** of the offense of **Burglary of a Motor Vehicle**

**a Felony of the third (3rd) degree and was placed on probation for a period of three (3) year**

~~subsequently on the 31st day   is duly noted and was used or exhibited in commission of the offense or~~

of March, 1986, Defendant's probation was revoked,

~~during the entire flight thereof as a deadly weapon, as successfully used; and~~ whereas by proper sentence

Judgment Revoking Probation,
~~of said Court, dated~~ March 31............A. D. 19.86., and recorded in Vol..29......, page..136-137

the above named defendant was sentenced to be confined and imprisoned in the Texas Department of

Corrections for a term of........two (2)...................

.....................................................................................................................years.

*And it appearing to the Court that the defendant herein has been incarcerated in the County Jail

in this cause, ~~since~~ **a total of 76 days** ~~the~~......day of.................................A. D. 19......, without trial

and prior to the passage of sentence herein upon him and that said time should be credited on this sentence. It is so ordered.   A certified copy of Waiver of Right of Appeal is attached hereto.

~~†And whereas the above named defendant gave notice of appeal to the Court of Criminal Appeals~~
~~at Austin, please combine the records as his conviction has been duly had the judgement herein rendered said~~

~~Court of Criminal Appeals affirmed on the................day of.................A. D. 19......;~~

~~and the mandate issued on the................day of................A. D. 19......;~~

~~thereafter on the................day of................A. D. 19......;~~

~~a capias was issued for the arrest of the said defendant herein and which capias was executed by the Sheriff~~

~~of................County, Texas, as evidenced by his endorsement hereon.~~

Wherefore, you are hereby commanded that you take into your custody the above named defendant and convey him to said Texas Department of Corrections and that you execute the sentence herein as required of you by law by confining the said defendant in the Texas Department of Corrections for the term stated above, subject to the rules and regulations of the Texas Department of Correction authorities.

Herein fail not, but duly execute this order.

*Martha Germany*
Martha Germany
Clerk, District Court, Val Verde........County, Texas

By...........................................Deputy.

Capias served by placing the defendant under arrest on the..... 2 nd ......day

of.. MAY ......A. D. 19.86., at 2:00. o'clock... A ..M.

*J. R. Koog*......Sheriff.

By...... J. C. Roma ......Deputy.

*†If not credited with jail time, clerk should mark this paragraph out.*
*†If no appeal taken, clerk should mark out this paragraph.*
*Strike out if not applicable.*

NO. 5006

| | | |
|---|---|---|
| THE STATE OF TEXAS | & | IN THE DISTRICT COURT OF |
| VS. | & | VAL VERDE COUNTY, TEXAS |
| FRANCISCO FLORES | & | 63RD JUDICIAL DISTRICT |

## JUDGMENT AND ORDER PLACING DEFENDANT ON PROBATION

On the 9th day of January, 1983, came on to be called for trial the above entitled and numbered cause, and the State appeared by its District Attorney, Thomas F. Lee, and the Defendant, Francisco Flores, appeared in person and with his attorney, Richard F. Gutierrez, and all announced ready for trial; and it appearing to the Court that the District Attorney and the Defendant and his attorney have agreed in writing in open Court to waive a jury in the trial of this cause, the Court thereupon consented to the waiver of a jury herein;

Whereupon the Defendant waived the formal reading of the indictment, stating that he understood the charge against him, and upon being asked by the Court as to how he pleaded the Defendant entered a plea of guilty to the charge in the Indictment;

Whereupon the Defendant was duly admonished by the Court as required by law as to (1) the full range of the punishment attached to the offense; (2) the right to a trial by jury; (3) the right to remain silent during trial; (4) the right to confront witnesses; (5) the fact that recommendation of the prosecuting attorney as to the punishment to be assessed is not binding on the Court; and (6) the fact that if the punishment assessed by the Court does not exceed any punishment recommended by the District Attorney and agreed to by the Defendant and his attorney, then the Court must give its permission to the Defendant to prosecute any appeal of the case, other than on those matters raised by written motion filed prior to trial;

And the Court then, after examination of Defendant determined that such plea is freely and voluntarily made by Defendant and that the Defendant is mentally competent to stand trial, and that the Defendant is aware of the consequences of his plea;

And the Court then inquired as to the existence of any plea bargaining agreements between the State and the Defendant, and on determining that such an agreement exists, the Court then informed the Defendant in open Court that it would follow such agreement;

Whereupon the plea of guilty as so entered by the Defendant was accepted and received by the Court, and is here now entered of record in the Minutes of the Court;

And the Court after having heard all the evidence and the agreement of counsel, is of the opinion and so finds that the Defendant is guilty of the offense of Burglary of a Motor Vehicle, felony of the third (3rd) degree, as charged in the Indictment.

It is therefore ORDERED, ADJUDGED and DECREED by the Court that the Defendant, Francisco Flores, is guilty of the offense of Burglary of a Motor Vehicle, as confessed in said plea of guilty herein made, and that punishment be assessed as fixed by the Court, by confinement in the Texas Department of Corrections for a period of three (3) years and a fine of $300.00 was imposed.

NO. 5006

| | | |
|---|---|---|
| THE STATE OF TEXAS | & | IN THE DISTRICT COURT OF |
| VS. | & | VAL VERDE COUNTY, TEXAS |
| FRANCISCO FLORES | & | 63RD JUDICIAL DISTRICT |

### JUDGMENT REVOKING PROBATION

| | | |
|---|---|---|
| JUDGE PRESIDING | : | GEORGE M. THURMOND |
| DATE OF JUDGMENT | : | MARCH 31, 1986 |
| ATTORNEY FOR STATE | : | THOMAS F. LEE |
| ATTORNEY FOR DEFENDANT | : | RICHARD F. GUTIERREZ |
| OFFENSE CONVICTED OF | : | BURGLARY OF A MOTOR VEHICLE |
| DEGREE | : | THIRD (3RD) |
| DATE OF OFFENSE | : | OCTOBER 9, 1983 |
| DATE OF PROBATION ORDER | : | JANUARY 9, 1984 |
| PARAGRAPH VIOLATED AND | | |
| GROUNDS OF REVOCATION | : | |

> "(06)   Report to the Probation Department as follows:  on the
> 2nd and 4th Monday of each month commencing on the
> 9th day of January, 1984;

Condition (6) supra, of his probation, in that the Defendant
FRANCISCO FLORES, has failed to report to his Probation
Officer on the following dates

| | | |
|---|---|---|
| August | 27, 1984 | November 26, 1984 |
| October | 08, 1984 | December 10, 1984 |
| October | 22, 1984 | December 24, 1984 |

ORIGINAL PUNISHMENT ASSESSED: THREE (3) YEARS

| | | |
|---|---|---|
| FINDINGS ON USE OF DEADLY WEAPON | : | NO |
| PUNISHMENT IMPOSED AND PLACEMENT OF CONFINEMENT | : | TWO (2) YEARS, TEXAS DEPARTMENT OF CORRECTIONS |
| DATE OF SENTENCE | : | MARCH 31, 1986 |
| COSTS | : | $67.00 |
| TIME CREDITED | : | 76 DAYS |
| TOTAL AMOUNT OF RESTITUTION | : | |

CONCURRENT UNLESS OTHERWISE SPECIFIED.

On the 31st day of March, 1986, came on to be presented to the Court the
application of the District Attorney requesting that the court revoke the
probation of the Defendant, FRANCISCO FLORES, and impose sentence herein,
and came the State by its District Attorney, Thomas F. Lee, and came the
Defendant, RICHARD CLARK, with his attorney, Richard F. Gutierrez, and all
announced ready for hearing on such application;

And it appearing to the Court that the Defendant was duly and legally
convicted herein of the offense of Burglary of a Motor Vehicle, in this cause on
the 9th day of January, 1984, with punishment assessed at THREE (3) years
confinement in the Texas Department of Corrections and that on the 9th day of
January, 1984, further execution of sentence was suspended, during the good
behavior of the Defendant, and the Defendant was placed on probation for a
term of THREE (3) years, on specified conditions, including inter alia that
during such term of probation Defendant shall;

> "(06)   Report to the Probation Department as follows:  on the
> 2nd and 4th Monday of each month commencing on the
> 9th day of January, 1984;

And it appearing to the court that the State's Application to Revoke
Probated Sentence was filed herein on the 26th day of March, 1986, and alleges
that the Defendant had violated each and all of the above stated condition of
probation;

And it appearing to the Court, and the Court now finding, that the Defendant has heretofore been duly served with a copy of the State's Application to Revoke Probation, upon the reading of such application in open court, the Defendant entered his plea of True to the allegation of the State's Application to Revoke Probation and such plea was accepted by the Court having been found to be freely and voluntarily entered by the Defendant, a mentally competent person.

And the Court after having examined the papers filed herein, and having heard the evidence offered by the parties and the arguments of counsel, is of the opinion and find that the Defendant has violated the above conditions of his probation, to-wit:

Condition (6) supra, of his probation, in that the Defendant, FRANCISCO FLORES, has failed to report to his Probation Officer on the following dates:

| | |
|---|---|
| August 27, 1984 | November 26, 1984 |
| October 08, 1984 | December 10, 1984 |
| October 22, 1984 | December 24, 1984 |

It is accordingly ORDERED, ADJUDGED AND DECREED by the Court that the Order suspending the imposition of the sentence upon Defendant and placing Defendant on probation, as contained in the Judgment herein, be, and the same is hereby revoked.

And the Defendant was asked by the Court if he had anything to say why the sentence of the court should not be pronounced against him, and the Defendant failed to give any reason why sentence should not be so pronounced, and there upon the court proceeded to pronounce sentence as follows;

It is ORDERED, ADJUDGED, AND DECREED that the Defendant, FRANCISCO FLORES, who has been adjudged guilty of the offense of Burglary of a Motor Vehicle, a felony of the THIRD (3rd) degree, be and he is hereby sentenced to confinement in the Texas Department of Corrections for a term of TWO (2) years, and that the Defendant be taken forthwith by the Sheriff of Val Verde County, Texas, and safely conveyed and delivered to the Texas Department of Corrections there to be confined in the manner and for the period aforesaid.

The Defendant is hereby given credit on this sentence for a total of 76 days spent in jail in this cause from the time of arrest and confinement until the time of the Court pronounces sentence herein, and the Sheriff of Val Verde County, Texas, shall attach to the Commitment papers as statement assessing the conduct of the Defendant while in jail, and the Defendant shall be remanded to jail in lieu of bond until the Sheriff can obey the directions of this sentence upon issuance of writ of commitment herein.

The Court further finds (1) such offense herein was committed on the 9th of October, 1983; (2) that the Defendant did not use a deadly weapon during the commission of the offense, or during immediate flight therefrom; (3) that there was in existence a plea bargaining agreement between the State and the Defendant, and that the punishment assessed does not exceed the punishment recommended.

SIGNED on the 3rd day of April, 1986, NUNC PRO TUNC as of the 31st day of March, 1986.

_George M. Thurmond_
JUDGE PRESIDING

FILED
VAL VERDE COUNTY
'86 APR 8 AM 8 38
MARTHA GERMANY
DISTRICT CLERK
BY _Della Clemens_

A TRUE COPY, I CERTIFY
MARTHA GERMANY, DISTRICT CLERK
Val Verde County, Texas
By: _Della L Cruz_, Deputy

VOL 29 PAGE 137

NO. 5006

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
|---|---|---|
| VS. | § | VAL VERDE    COUNTY, TEXAS |
| FRANCISCO FLORES | § | 63RD JUDICIAL DISTRICT |

O R D E R  (for Capias)

On this the _26th_ day of _April, 1985_,
the above Motion having been presented to and considered by the
Court, the Clerk of this Court is hereby Ordered to forthwith
issue a CAPIAS for the arrest of ____FRANCISCO FLORES____,
and that after his arrest, he be detained in custody pending a
hearing which is here set for the ____ day of ____,
at ____ o'clock, ___.M., before me, the Honorable George M. Thurmon
Judge Presiding in the 63rd Judicial District Court of Val Verde County,
Texas, City of Del Rio, at which time and place, the Court will
determine the matters set out in the STATE'S APPLICATION TO REVOKE
PROBATION in this cause. The Clerk shall further issue notice of
this hearing to be served on the Defendant, attaching thereto a
certified copy of the STATE'S APPLICATION TO REVOKE PROBATION.

_George M. Thurmon_
JUDGE/PRESIDING

FILED
At 2:24 o'clock P. M.
APR 2 6 1985
MARTHA GERMANY
District Clerk - Val Verde County
By _____ Deputy

A TRUE COPY, I CERTIFY
MARTHA GERMANY, DISTRICT CLERK
Val Verde County, Texas
By _Kellie L. Cooper_, Deputy

VOL 25 PAGE 369

# TEXAS DEPARTMENT OF PUBLIC SAFETY

## CRIMINAL HISTORY

Crime Records Division
P.O. Box 4143
Austin, Texas 78765
Phone 512-465-2079

The contents of this record are confidential and intended for dissemination only to criminal justice agencies or other individuals or agencies authorized by law to receive criminal history record information. Charges and dispositions contained herein have been coded under the established uniform offense and disposition classification used for computerized criminal history records. Contact the contributing agency for specific or additional information regarding this record. Sec. 411.084, Government Code, Vernon's Texas Codes Annotated and as specified in 28 CFR Chapter 1 Part 20 (Federal Register, Vol. 40, No. 56, PP 2514-22119 as amended and at 1000 pt/thg.

420986

| DPS NO. | FBI NO. | SOC SEC NO. | REPORT DATE |
|---|---|---|---|
| 3215572 | UNKNOWN | 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 | 05-06-86 |

| NAME | SEX | RACE | HGT | WGT | EYES | HAIR | DOB | POB | SMT | SKN |
|---|---|---|---|---|---|---|---|---|---|---|
| FLORES,FRANK J | M | M | 5-10 | 195 | BRO | BLK | 07-24-62 | MM | UNKNOWN | UNK |

DL NO.          DL STATE
UNKNOWN         UNKNOWN
DRE: 07-27-83   DOLT 05-06-86
IDENTIFICATION COMMENTS - UNKNOWN

MISC NO.
UNKNOWN

NCIC FINGERPRINT CLASS
PI PI PI PI 16
DO PO PI PI 1B

HENRY FINGERPRINT CLASS
I 31 -    III 16  WWW
O 28 -    OII 16  WWW

**ADDITIONAL IDENTIFIERS**

| ALIAS | DOB | MISC NO. | SOC SEC NO | SMT |
|---|---|---|---|---|
| FLORES,FRANCISCO | | | | |
| FLORES,FRANK | | | | |
| FLORES,FRANK S | | | | |
| FLORES,FRANK JAVIER | | | | |

| ARRESTED OR RECEIVED | IDENTIFIER, AGENCY, & AGENCY NUMBER | NAME | CITATION, CHARGE, & DATE OF OFFENSE | DISPOSITION |
|---|---|---|---|---|
| 07-17-83 | TX2330000 DEL RIO SO 3808 | | | |
| 10-18-83 | TX0590000 HEREFORD SO 11269 | FLORES, FRANCISCO | POSS CONTROLLED SUBSTANCE | BOND |
| | | | BURG | |

CONTINUED ON NEXT PAGE

UARCO Business Forms - P

# TEXAS DEPARTMENT OF PUBLIC SAFETY

## CRIMINAL HISTORY

Crime Records Division
P.O. Box 4143
Austin, Texas 78765
Phone 512-465-2079

PAGE 2

DPS NO. - 3215572

12-18-84   TX1260000
CLEBURNE SO
013722

DMI
DWLS
RESISTING

03-26-85   COURT

DWLS

CONVICTED
PROBATION—   6 MONTHS
FINE AND COURT COSTS

02-19-85   TX1260300
CLEBURNE PD
8308

DWLS

TURNED OVER TO ANOTHER
AGENCY
2-19-85   CLEBURN SO   013722

05-02-86   # NOT REPORTED

COURT

ARREST DATA NOT
RECEIVED

BURG MTR VEH

CONVICTED
CONFINEMENT—   2 YEARS

05-02-86   TX236065C
TX DEPT CORRECTION
420986

RECEIVED
FROM VALVERDE COUNTY

FLORES, JAVIER
FRANK

END OF REPORT

NAME __FLORES, FRANCISCO_____

**TEXAS DEPARTMENT OF CORRECTIONS**
HUNTSVILLE, TEXAS

ALIAS _____

CLASSIFICATION _____

NO __420986__ RACE __WHITE__ SEX __MALE__

REFERENCE _____

**PERS-34A**

**RIGHT HAND**

| THUMB 16 | INDEX FINGER 16 | MIDDLE FINGER 8 | RING FINGER 8 | LITTLE FINGER 4 |
|---|---|---|---|---|

| THUMB 4 | INDEX FINGER 2 | MIDDLE FINGER 2 | RING FINGER 1 | LITTLE FINGER 1 |
|---|---|---|---|---|

SIGNATURE OF PERSON TAKING PRINTS

SIGNATURE OF PERSON FINGERPRINTED

**LEFT HAND**     LEFT THUMB     RIGHT THUMB     **RIGHT HAND**

420986 FLORES

Date Received_____ 5-2-86 _____ Received From_____ VAL VERDE CO _____

Crime _____ BURG MTR VEH (1) _____

Sentence _____ 2 YRS _____ Sentence Begins _____ 1-15-86 _____

Returned as _____

Date Returned _____ Age __23-85__ Hair __BLACK__ Eyes __BROWN__ Height __5-8__ Weight __210__

Complexion __LIGHT__ Date of Birth __7-24-62__ Place of Birth __MEXICO__

Residence__ DEL RIO, TX __ Nationality__ MEXICAN __

Scars & Marks: __NO MARKS__

**Ex-Service:** __NAVY__

NO.  CR-91G-060

| | | |
|---|---|---|
| THE STATE OF TEXAS | ( ) | IN THE DISTRICT COURT OF |
| VS. | ( ) | DEAF SMITH COUNTY, TEXAS |
| FRANCISCO "FRANK" FLORES | ( ) | 222ND JUDICIAL DISTRICT |

## JUDGMENT AND SENTENCE ON PLEA OF GUILTY BEFORE COURT WAIVER OF JURY TRIAL

Judge
Presiding: David Wesley Gulley      Date of
                                    Judgment:  December 20, 1991

Attorney
for State:   Jim English      Attorney
                              for Defendant:  Gerald Gamboa

Offense          Sexual Assault in violation of
Convicted of:    Section 22.011 of the Texas Penal Code

Degree:    2nd degree felony      Date Offense
                                  Committed:  July 4, 1991

Charging
Instrument:  Indictment          Plea:    Guilty

Terms of Plea
Bargain (in detail):

14 years Texas Department of Criminal Justice Institutional
Division, $2,000.00 fine, $500.00 to be paid to the Abused
Children's Counselling Account

Plea to Enhancement             Findings on
Paragraph(s):       n/a         Paragraph(s):  n/a

Findings on Use
of Deadly Weapon:    did not use deadly weapon

Date Sentence
Imposed:  December 20, 1991               Costs:

Punishment and
Place of Confinement:  14 years TDCJ-ID, $2,000 fine

Date to                          Time
Commence:   December 20, 1991    Credited: 56 days

Total Amount of Restitution/Reparation: $500.00
Concurrent Unless Otherwise Specified.

Restitution to be paid to:
Name:    Deaf Smith County Treasurer
Address:  Room 206 Courthouse
          Hereford, Texas  79045

GOVERNMENT
EXHIBIT

Case 2:00-cv-00017   Document 7   Filed in TXSD on 04/13/2000   Page 19 of 73

On this the <u>10th</u> day of <u>December</u>, A.D., 19<u>91</u>, was regularly reached and called for trial the above numbered and entitled cause, and the State appeared by her Criminal District Attorney, and the defendant, <u>FRANCISCO "FRANK" FLORES</u>, appeared in person, defendant's counsel, <u>GERALD GAMBOA</u>, also being present, thereupon the Criminal District Attorney announced ready for trial, and it appearing to the Court that the defendant, defendant's counsel, and the State's attorney have agreed in writing in open court to waive a jury in the trial of this cause and to submit this cause to the Court; and the Court having consented to the waiver of a jury herein, the defendant waived the reading of the indictment stating that he understood the charge against him, and the defendant upon being asked by the Court as to how defendant pleaded, entered a plea of guilty to the charge in the indictment relied upon by the State; thereupon the defendant was admonished by the Court as required by law as to:

1. the range of the punishment attached to the offense;

2. the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided that if such an agreement exists, and the court rejects the agreement, the defendant shall be permitted to withdraw his plea and neither the fact that the defendant had entered a plea nor any statements made by him at the hearing on the plea may be used against him on the issue of guilt or punishment in any subsequent criminal proceeding; and

3. the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial.

Case 2:00-cv-00017   Document 7   Filed in TXSD on 04/13/2000   Page 20 of 73

And it appearing to the Court that the said defendant is mentally competent to stand trial, the plea is freely and voluntarily made, and that the defendant is aware of the consequences of his plea, the said plea is by Court received and is here now entered of record in the minutes of the Court as the plea herein of said defendant.

And the Court after having heard evidence for the State and defendant, and having heard argument of counsel, is of the opinion and so finds that the said defendant is guilty of the offense of Sexual Assault.

And the Court having heard evidence for the State and for the defendant on the issue of punishment and having heard argument of counsel, is of the opinion and so finds that the punishment of the defendant should be fixed at confinement in the Texas Department of Criminal Justice Institutional Division for a period of fourteen (14) years and a fine of $2,000.00.

IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED by the court that the said defendant, FRANCISCO "FRANK" FLORES, is guilty of the offense of Sexual Assault, as confessed in said plea of guilty herein made, and that punishment be fixed as assessed by the Court, by confinement in the  Texas Department of Criminal Justice Institutional Division for a period of fourteen (14) years and by a fine of $2,000.00.

The Court finds that said offense was committed on the 4th day of July, A.D., 1991.  The Court further finds

Case 2:00-cv-00017   Document 7   Filed in TXSD on 04/13/2000   Page 21 of 73

that said defendant <u>did not</u> use a deadly weapon during the commission of the offense or during immediate flight therefrom. The Court further finds there was in existence a plea bargaining agreement between the State and the defendant and that the punishment assessed does not exceed the punishment recommended.

And the defendant being asked by the court if sufficient reason existed why the sentence of this Court should not be pronounced failed to give such reason; whereupon the court proceeded, in the presence of the said defendant and his attorney, to pronounce sentence as follows:

IT IS THE ORDER OF THIS COURT that the said defendant, <u>FRANCISCO "FRANK" FLORES</u>, who has been adjudged guilty of the offense of <u>Sexual Assault</u>, be, and is hereby, sentenced to confinement in the Texas Department of Criminal Justice Institutional Division for <u>fourteen (14) years</u> and to pay a fine of $<u>2,000.00</u>; and that said defendant be taken by the Sheriff of Deaf Smith County, Texas, and by him safely conveyed and delivered to the Texas Department of Criminal Justice Institutional there to be confined in the manner and for the period aforesaid.

The defendant is given credit of <u>fifty-six (56)</u> days back time from the effective date of this sentence; and the defendant is remanded to jail until the sheriff can obey the directions of this sentence.

Case 2:00-cv-00017   Document 7   Filed in TXSD on 04/13/2000   Page 22 of 73

Judgment & Sentence
Page 5 of 5

IT IS THE FURTHER ORDER OF THE COURT that the defendant pay

$500.00 to the Abused Children's Counselling Account.

SIGNED this ___ day of December, 1991.



DAVID WESLEY GULLEY, Judge
222nd Judicial District Court
Deaf Smith County, Texas

Left index finger                Right index finger

I, affirm, stipulate and acknowledge that imprinted above are
true and correct fingerprints of my left and right index fingers
as so designated.

_____
Defendant

No. CR-91G-060

| THE STATE OF TEXAS | () | IN THE DISTRICT COURT OF |
| VS. | () | DEAF SMITH COUNTY, TEXAS |
| FRANCISCO "FRANK" FLORES | () | 222ND JUDICIAL DISTRICT |

## WAIVER OF RIGHTS AND PLEA OF GUILTY

I, the undersigned, defendant in the above and styled and numbered cause admit that I have been advised of my rights:

1. to remain silent and not testify against myself;
2. to demand a jury trial;
3. to notice for two days before the time for arraignment;
4. to have ten days to prepare for trial; and
5. to have the indictment read to me in Court;

I hereby waive my rights listed above, and without coercion or duress, enter this my plea of guilty as charged, and ask the Court to set my punishment.

I hereby withdraw and waive any pre-trial motions filed prior to trial which might give rise to appeal.

I also understand that when I plead guilty, I waive my right to appeal.

_____
Defendant

APPROVED:

_____
Attorney for Defendant

_____
State's Attorney

_____
Presiding Judge

**U.S. Department of Justice**
Immigration and Naturalization Service

Order to Show Cause and Notice of Hearing

## ORDER TO SHOW CAUSE AND NOTICE OF HEARING
## (ORDEN DE PRESENTAR MOTIVOS JUSTIFICANTES Y AVISO DE AUDIENCIA)

In Deportation Proceedings under section 242 of the Immigration and Nationality Act.
(En los trámites de deportación a tenor de la sección 242 de la Ley de Inmigración y Nacionalidad.)

**United States of America:**
**(Estados Unidos de América:)**

TDCJ No.: 614797
ER Date: October 24, 2005

File No. A17 305 744
(No. de registro)

Dated February 9, 1994
(Fechada)

In the matter of
(En el asunto de)

TDCJ Name: FLORES, Francisco "Frank"
INS Name: FLORES-Ordaz, Francisco Javier

(Respondent)
(Demandado)

Address
(Dirección)

c/o Texas Department of Corrections

P. O. Box 99,   Huntsville, Texas  77340

Telephone No. (Area Code)
(No. de teléfono y código de área)

Upon inquiry conducted by the Immigration and Naturalization Service, it is alleged that:
(Según las indagaciones realizadas por el Servicio de Inmigración y Naturalización, se alega que:)

1) You are not a citizen or national of the United States;
   (Ud. no es ciudadano o nacional de los Estados Unidos)

2) You are a native of ___ Mexico ___ and a citizen of ___ Mexico ___
   (Ud. es nativo de) (y ciudadano de)

3) You entered the United States at or near __Eagle Pass, Texas__ on or about __July 29, 1966__
   (Ud. entró a los Estados Unidos en o cerca de)   (el día o hacia esa fecha)
   Eagle Pass, Tejas   de 29 de Julio de 1966

See Attachment Page For Additional Allegations.
(Vea Pagina Adjunta Con Alegatos Adicionales.)

GOVERNMENT
EXHIBIT
5

Form I-221 (Rev. 6/12/92) N

Page 1

## U.S. Department of Justice
Immigration and Naturalization Service

Order to Show Cause and Notice of Hearing

| NOTICE OF RIGHTS AND CONSEQUENCES | AVISO DE DERECHOS Y CONSECUENCIAS |
|---|---|
| The Immigration and Naturalization Service believes that you are an alien not lawfully entitled to be in or to remain in the United States. Read this notice carefully and ask questions about anything in this notice you do not understand. This notice identifies your rights as an alien in deportation proceedings, and your obligations and the conditions with which you must comply in order to protect your eligibility to be considered for certain benefits. | El Servicio de Inmigración y Naturalización opina que Ud. es un extranjero sin derecho legal a estar o permanecer en los Estados Unidos. Lea este aviso cuidadosamente y pregunte acerca de cualquier parte del mismo que no entienda. Este aviso le explica los derechos que tiene como extranjero en los trámites de deportación, y las obligaciones y condiciones que debe cumplir con el fin de proteger su derecho a que se le considere para recibir ciertos beneficios. |
| Any statement you make before an Immigration Officer may be used against you in any immigration or administrative proceeding. | Las declaraciones que haga ante un funcionario del Servicio de Inmigración podrán usarse en su contra en cualquier trámite administrativo o de inmigración. |
| You may be represented, at no expense to the United States government, by an attorney or other individual who is authorized and qualified to represent persons in these proceedings. You will be given a list of organizations, attorneys and other persons who have indicated their availability to represent aliens in these proceedings. Some of these persons may represent you free of charge or for a nominal fee. You may also be represented by a friend, relative, or other person having a pre-existing relationship with you, provided his or her appearance is permitted by the immigration judge. | Ud. puede ser representado, sin costo alguno para el gobierno de los Estados Unidos, por un abogado o otra persona autorizada y calificada para representar personas en estos trámites. Ud. recibirá una lista de las entidades, abogados y demás personas dispuestas a representar a extranjeros en estos trámites. Algunas de esas personas pueden representarle gratuitamente o por honorarios nominales. También puede representarle un amigo, familiar o otra persona con la que tenga una relación establecida, siempre que el juez de inmigración permita su comparecencia. |
| You will have a hearing before an immigration judge, scheduled no sooner than 14 days from the date you are served with this Order to Show Cause (unless you request in writing an earlier hearing date). The fourteen-day period is to allow you to seek an attorney or representative, if you desire to be represented. At your hearing, you will be given the opportunity to admit or deny any or all of the allegations in this Order to Show Cause, and whether you are deportable on the charges set forth herein. You will have an opportunity to present evidence and/or witnesses on your own behalf, to examine evidence presented by the government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the government. Any document that you present that is in a foreign language must be accompanied by a certified English translation. It is your responsibility to ensure that any witnesses you wish to present on your own behalf be present at the hearing. | Ud. tendrá una audiencia ante un juez de inmigración, fijada con un mínimo de 14 días a partir de la fecha que se le expidió esta Orden (a menos que Ud. solicite por escrito una audiencia en plazo aún menor). El plazo de catorce días le permitirá conseguir los servicios de un abogado o representante, si lo desea. En la audiencia se le dará la oportunidad de admitir o negar cualquiera de los alegatos de esta Orden o todos ellos, y se le informará si está sujeto a deportación por los cargos expresados en la misma. Ud. tendrá la oportunidad de presentar pruebas y testigos a favor suyo, de examinar las pruebas presentadas por el gobierno, de oponerse, con base en los razonamientos legales pertinentes, a la admisión de pruebas y de interrogar a cualquier testigo del gobierno. Todo documento que presente en un idioma extranjero debe ir acompañado de una traducción certificada al inglés. Será responsabilidad suya asegurarse de que cualquier testigo suyo comparesca a la audiencia. |
| The immigration judge will advise you regarding relief from deportation for which you may be eligible. You will be given a reasonable opportunity to make an application for any such relief. If you are not satisfied with the decision of the immigration judge, you have the right to appeal. The immigration judge will provide you with your appeal rights. | El juez de inmigración le informará sobre los recursos de deportación a los que tenga derecho y se le dará una oportunidad adecuada para solicitarlos. Si no está de acuerdo con la decisión del juez, puede apelarla. El juez de inmigración le informará acerca de sus derechos de apelación. |

**U.S. Department of Justice**
Immigration and Naturalization Service

Order to Show Cause and Notice of Hearing

Continuation Sheet
*(Hoja complementaria)*

| | |
|---|---|
| Dated | February 9, 1994 |
| (Fechada) | |
| Respondent  FLORES-Ordaz, Francisco Javier | File No.  A17 305 744 |
| (Demandado) | (No. de registro) |

**AND** on the basis of the foregoing allegations, it is charged that you are subject to deportation pursuant to the following provision(s) of law:

*(Y según los alegatos anteriores, se le acusa de estar sujeto a deportación de acuerdo con la(s) siguiente(s) disposicion(es) de la ley:)*

See Attachment Page For Additional Charges.

*(Vea Pagina Adjunta Para Los Cargos Adicionales.)*

**WHEREFORE, YOU ARE ORDERED** to appear for a hearing before an Immigration Judge of the Executive Office for Immigration Review of the United States Department of Justice at:

*(POR LO CUAL, SE LE ORDENA comparecer ante un juez de inmigración de la Oficina Ejecutiva de Revisión de Inmigración del Departamento de Justicia de los Estados Unidos en:)*

Address  To be calendared and notice provided by the office of the immigration
(Dirección) judge.  Notice will be mailed to the address provided by the respondent.

On (La oficina del juez de inmigracion enviara un aviso  a la direccion                    .m.
(Fecha) facilitada por el demandado con la fecha de la        (Hora)
audiencia.)

and show cause why you should not be deported from the United States on the charge(s) set forth above.

*(y mostrar motivos justificantes por cual no deberia ser deportado de los Estados Unidos por los cargos expresados anteriormente.)*

| | |
|---|---|
| Dated  February 9, 1994 | Signature of Issuing Officer |
| (Fechada) | (Firma del funcionario que la expide) |
| | Assistant District Director |
| | for Investigations |
| City and State of Issuance  Houston, Texas | Title of Issuing Officer |
| (Ciudad y Estado donde se expide) | (Título del funcionario que la expide) |

Page 3

You are required to be present at your deportation hearing prepared to proceed. If you fail to appear at any hearing after having been given written notice of the date, time and location of your hearing, you will be ordered deported *in your absence*, if it is established that you are deportable and you have been provided the appropriate notice of the hearing.

You are required by law to provide immediately in writing an address (and telephone number, if any) where you can be contacted. You are required to provide written notice, within five (5) days, of any change in your address or telephone number to the office of the Immigration Judge listed in this notice. Any notices will be mailed only to the last address provided by you. If you are represented, notice will be sent to your representative. If you fail to appear at the scheduled deportation hearing, you will be ordered deported *in your absence* if it is established that you are deportable and you have been provided the appropriate notice of the hearing.

If you are ordered deported *in your absence*, you cannot seek to have that order rescinded except that: (a) you may file a motion to reopen the hearing within 180 days after the date of the order if you are able to show that your failure to appear was because of exceptional circumstances, or (b) you may file a motion to reopen at any time after the date of the order if you can show that you did not receive written notice of your hearing and you had provided your address and telephone number (or any changes of your address or telephone number) as required, or that you were incarcerated and did not appear at your hearing through no fault of your own. If you choose to seek judicial review of a deportation order entered *in your absence*, you must file the petition for review within 60 days (30 days if you are convicted of an aggravated felony) after the date of the final order, and the review shall be confined to the issues of validity of the notice provided to you, the reasons for your failure to appear at your hearing, and whether the government established that you are deportable.

In addition to the above, if you are ordered deported *in your absence*, you are ineligible for five (5) years from the date of the final order for the following relief from deportation: voluntary departure under section 242 (b) of the Immigration and Nationality Act (INA); suspension of deportation or voluntary departure under section 244 of the INA; and adjustment of status under sections 245, 248, and 249 of the INA.

The copy of this Order to Show Cause served upon you is evidence of your alien registration while you are under deportation proceedings. The law requires that you carry it with you at all times.

Está obligado a asistir a la audiencia de deportación y de estar preparado para ella. Si no asiste a cualquiera de las audiencias después de haber sido notificado por escrito de la fecha, hora y lugar de la audiencia, se ordenará su deportación en su ausencia, si se establece que puede ser deportado y que recibió los avisos correspondientes.

La ley lo obliga a informar inmediatamente por escrito de su domicilio (y número de teléfono, de haberlo) donde pueda ser localizado. Tiene la obligación de notificar por escrito, en el plazo de cinco (5) días, cualquier cambio de domicilio o de teléfono a la oficina del juez de inmigración que aparece en este aviso. Los avisos se enviarán solamente a la última dirección facilitada por Ud. Si ha decidido tener un representante, se enviarán los avisos a dicha persona. Si no asiste a cualquiera de las audiencias después de haber sido notificado por escrito de la fecha, hora y lugar de las mismas, se ordenará su deportación en su ausencia, si se establece que puede ser deportado y que recibió el aviso de la audiencia.

Si se ordena su deportación en su ausencia, no podrá solicitar la anulación de esa orden salvo que: a) pueda presentar un pedimento para tener otra audiencia en el plazo de 180 días después de la fecha de la orden si puede demostrar que no compareció debido a circunstancias excepcionales, o b) puede presentar un pedimento para tener otra audiencia en cualquier momento después de la fecha de la orden si puede demostrar que no recibió el aviso de la audiencia por escrito y que había facilitado su dirección y número de teléfono (o notificado los cambios de dirección o número de teléfono) según lo previsto, o que estaba encarcelado y no compareció a la audiencia por motivos ajenos a su voluntad. Si decide solicitar una revisión judicial de la orden de deportación en su ausencia, debe presentar la solicitud de revisión en el plazo de 60 días (30 días si ha sido condenado por un delito grave con agravantes) a partir de la fecha de la orden definitiva, y la revisión se limitará a decidir si el aviso que recibió es válido, las razones por las cuales no compareció a la audiencia y si el gobierno demostró que puede ser deportado.

Además de lo anterior, si se ordena su deportación en su ausencia, no podrá, en el plazo de cinco años después de la fecha de la orden definitiva, tener derecho a los siguientes recursos: salida voluntaria según la sección 242 (b) de la ley de Inmigración y Nacionalidad (INA); suspensión de la deportación o de la salida voluntaria según la sección 244 de la INA, y ajuste de condición según las secciones 245, 248, y 249 de la INA.

Esta copia de la Orden de Presentar Motivos Justificantes que le ha sido notificada constituye la prueba de su registro de extranjero mientras se llevan a cabo los trámites para su deportación. La ley le exige que la lleve consigo en todo momento.

This Order to Show Cause shall be filed with the Immigration Judge of the Executive Office for Immigration Review at the address provided below.  You must report any changes of your address or telephone number in writing to this office:

Debe presentar esta Orden de Presentar Motivos Justificantes a la Oficina Ejecutiva de Revisión de Inmigración en la siguiente dirección.   Debe notificar cualquier cambio de su domicilio o número de teléfono por escrito a:

**The Office of the Immigration Judge**

This Order to Show Cause will be filed with the Office of the Immigration Judge, 2320 La Branch Street, Room 2235, Houston, Texas 77004.  Any inquiries or correspondence concerning your deportation hearing should be directed to that office.

---

### Certificate of Translation and Oral Notice

This Order to Show Cause [X] **was**   [ ] **was not** read to the named alien in the _English_ language, which is his/her native language or a language which he/she understands.

| Date | Signature | Printed Name and Title of Translator |
|---|---|---|

Address of Translator (if other than INS employee) or office location and division (if INS employee)

(If oral notice was not provided please explain)

---

### Manner of Service

Alien's
Right Thumb Print

[X] Personal Service to Alien

[ ] Certified Mail - Return Receipt Requested

HAND DELIVERED TO T.D.C.J.

[ ] Alien

[ ] Counsel of Record

---

### Certificate of Service

This Order to Show Cause was served by me at ~~Houston~~, _Huntsville_, Texas   on _3-24_ 19 _97_
at _11:55 a_.m.

| Officer's Signature | Printed Name | Title | Office |
|---|---|---|---|
| | Ruiz, Jose   Special Agent   DEO | | HNT   ~~Houston~~, Texas |

Alien's Signature (acknowledgment/receipt of this form)
*(Firma de extranjero/acuse de recibo)*

---

### Request for Prompt Hearing and Waiver of 14-Day Minimum Period
*(Solicitud de audiencia inmediata y renuncia al plazo mínimo de 14 días)*

To expedite determination of my case, I request an immediate hearing, and waive my right to the 14 day notice.
*(Para agilizar la decisión sobre mi caso, solicito una audiencia inmediata y renuncio a mi derecho a un plazo mínimo de 14 días.)*

Signature of Respondent
*(Firma de demandado)*

Date _3-24-97_
*(Fecha)*

Form I-221 (Rev. 6/12/92) N                                                                 Page 5

**U.S. Department of Justice**
Immigration and Naturalization Service

Continuation Page for Form ____I-221____

| Alien's Name | File Number | Date |
|---|---|---|
| FLORES-Ordaz, Francisco Javier | A17 305 744 | February 9, 1994 |

4.   You were then admitted as a Permanent Resident Alien;

(Ud. fue admitado como un Residente Permanente;)

5.   You were, on January 9, 1984, convicted in the 63rd District Court of Val Verde County, Texas, for the offense of BURGLARY OF A MOTOR VEHICLE, committed on or about October 9, 1983;

*(Ud. resulto convicto el de 9 de Enero de 1984, en el Tribunal Districto 63rd del Condado de Val Verde, Tejas, por el delito de ESCALAMIENTO DE UN VEHICULO DE MOTOR, cometido el dia o hacia esa fecha de 9 de Octubre de 1983;)*

6.   You were, on December 20, 1991, convicted in the 222nd District Court of Deaf Smith County, Texas, for the offense of SEXUAL ASSAULT, committed on or about July 4, 1991;

*(Ud. resulto convicto el de 20 de Diciembre de 1991, en el Tribunal Districto 222nd del Condado de Deaf Smith, Tejas, por el delito de ASALTO SEXUAL, cometido el dia o hacia esa fecha de 4 de Julio de 1991;)*

7.   For that offense, the term of imprisonment imposed was fourteen (14) years.

*(Por ese delito, el termino de confinamiento impuesto fue de catorce (14) anos.)*

8.   These crimes did not arise out of a single scheme of criminal misconduct.

*(Estos delitos no provienen de un esquema sencillo de conducta delictiva.)*

| Signature | Title |
|---|---|
| *Carey D. Murphy* | Assistant District Director for Investigations |

Form I-831 Continuation Page (Rev. 6/12/92)

_____6_____ of ___7___ Pages

*U.S. GPO: 1992-342-483/72348

**U.S. Department of Justice**
Immigration and Naturalization Service

Continuation Page for Form ____ I-221

| Alien's Name | File Number | Date |
|---|---|---|
| FLORES-Ordaz, Francisco Javier | A17 305 744 | February 9, 1994 |

Section 241(a) (2) (A) (ii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after entry, you have been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

*(Seccion 241(a) (2) (A) (ii) de la Ley de Inmigracion y Nacionalidad (INA), segun enmendada, en que, en algun momento despues de su entrada, Ud. ha resultado convicto de dos delitos referentes a bajeza moral que no provienen de un esquema sencillo de conducta delictiva.)*

Section 241 (a) (2) (A) (iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after entry, you have been convicted of an aggravated felony as defined in section 101 (a) (43) of the Act, to wit: a crime of violence (as defined in section 16 of title 18, United States Code, not including a purely political offense), for which a term of imprisonment imposed was five years or more.

*(Seccion 241 (a) (2) (A) (iii) de la Ley de Inmigracion y Nacionalidad (INA), segun enmendada, en que, en algun momento despues de su entrada, Ud. ha resultado convicto de una felonia agravada, segun se define en la seccion 101 (a) (43) de la INA. a saber: un delito de violencia (segun se define en la seccion 16 del titulo 18, Codigo de los Estados Unidos, que no incluye un delito puramente politico), por el cual fue impuesto un termino de confinamiento de cinco anos o mas.)*

| Signature | Title |
|---|---|
| *Casey D. Murphy* | Assistant District Director for Investigations |

Form I-831 Continuation Page (Rev. 6/12/92)

____7____ of ___7___ Pages

*U.S. GPO: 1992-342-483/72348

U.S. Department of Justice
Executive Office for Immigration Review
Immigration Court

Matter of                                          File A 17 305 744

                                 )

FRANCISCO JAVIER FLORES-ORDAZ     )

                                 )          IN REMOVAL PROCEEDINGS

        Respondent            )

                                 )       Transcript of Hearing

Before JIMMIE BENTON, Immigration Judge

Date:  April 23, 1997                    Place:  Huntsville, Texas

Transcribed by DEPOSITION SERVICES, INC. At Rockville, Maryland

Official Interpreter:  Juan Herrera

Language:  Spanish

Appearances:

    For the Immigration and          For the Respondent:
    Naturalization Service:

    John McPhail, Esquire            Todd Keller, Esquire



sea

```
1    JUDGE FOR THE RECORD

2            This is Immigration Judge Jimmie Benton sitting in

3    Huntsville, Texas on April 23, 1997 in the deportation matter

4    concerning respondent Francisco Javier Flores-Ordaz, file A 17

5    305 744.  The respondent is present with Mr. Todd Keller.  The

6    Service is represented by Mr. John McPhail.

7    JUDGE TO MR. FLORES-ORDAZ

8            Q.   To the respondent, sir, what is your complete

9    name?  Sir, what is your complete name?

10           A.   Francisco Javier Flores-Ordaz.

11           Q.   And, sir, which language do you speak and

12   understand best?

13           A.   English, sir.

14           Q.   And, today you appear with Mr. Keller, does he

15   have your right to, your permission, rather, to speak for you?

16           A.   Yes.

17   JUDGE TO MR. KELLER

18           Q.   Mr. Keller, do you want the Court to advise the

19   respondent of his rights?

20           A.   No, Your Honor.  We'll waive.

21   JUDGE FOR THE RECORD

22           And, this is the second appearance of the respondent in

23   court.  The first time with Mr. Keller.

24   JUDGE TO MR. KELLER

25           Q.   Mr. Keller, how does the respondent wish to
```

sea

1    proceed with his hearing?

2              A.   Your Honor, the respondent wishes to request a

3    reset.

4    MR. FLORES-ORDAZ TO MR. KELLER

5              Q.   I'll take my deportation (indiscernible).

6              A.   I don't think we can do that.  Anyway, you might

7    have a better chance to do what I told you.

8    JUDGE TO MR. KELLER

9              Q.   And --

10             A.   Your Honor, the respondent would request a reset.

11   He, he is also in a family situation where his parents divorced

12   while he was under 18 at the time.  His sole custodian was a

13   naturalized citizen.

14             Q.   Okay.  They were divorced?

15             A.   Yes, Your Honor.

16             Q.   While he was under 18?

17             A.   Yes.  And, he was given custody to his parent who

18   had, who was a naturalized citizen at that time.

19             Q.   Okay.  I think the rule is or the requirement

20   rather is that at the time of the naturalization, the parent have

21   sole custody or at the time of naturalization both parents be

22   U.S. citizens.

23             A.   Okay.  It's my understanding that at the time of

24   the divorce, one parent was a naturalized citizen, the other was

25   not.  The one that was a naturalized citizen was given custody.

A 17 305 744                    2                    April 23, 1997

sea

1          Q.   And, you can -- I'll give you to 4 June 1997 to

2   research the issue.  I do believe that under the law, the

3   respondent would not be eligible for certificate of citizenship,

4   but if you file one, there's an application for certificate of

5   citizenship with the Immigration Service, we will allow them to

6   adjudicate it.  But you need to be aware that possible issue.

7          A.   Okay, thank you, Your Honor.

8   CLERK TO JUDGE

9          Q.   1 o'clock (indiscernible).

10         A.   1 o'clock on June 4th.

11  JUDGE TO MR. KELLER

12         Q.   And, Mr. Keller, the Order to Show Cause in this

13  case is dated February 9, 1994.  Has the respondent received a

14  copy of it?

15         A.   Yes, Your Honor.

16  JUDGE FOR THE RECORD

17         The Order to Show Cause is marked as Exhibit number 1.

18  JUDGE TO MR. KELLER

19         Q.   Is there anything further from the United States,

20  Mr. Keller?

21         A.   No, Your Honor.  Thank you.

22  JUDGE TO MR. MCPHAIL

23         Q.   Mr. McPhail, anything from the Service?

24         A.   No, sir.

25  JUDGE FOR THE RECORD

A 17 305 744                 3              April 23, 1997

sea

1          With that, the matter is continued as indicated.

2                    HEARING CONTINUED

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

A 17 305 744                    4                    April 23, 1997

CVisPDF – www.texiss.com

U.S. Department of Justice
Executive Office for Immigration Review
Immigration Court

Matter of                                    File A 17 305 744


                              )
FRANCISCO JAVIER FLORES-ORDAZ  )
                              )        IN REMOVAL PROCEEDINGS
           Respondent         )
                              )         Transcript of Hearing


Before JIMMIE BENTON, Immigration Judge


Date:  June 4, 1997              Place: Huntsville, Texas


Transcribed by DEPOSITION SERVICES, INC. At Rockville, Maryland


Official Interpreter:  Juan Herrera


Language:  Spanish


Appearances:

        For the Immigration and      For the Respondent:
        Naturalization Service:

        Charlotte Lang,  Esquire      Todd Keller, Esquire

sea

1    JUDGE FOR THE RECORD

2             This is Immigration Judge Jimmie Benton sitting in

3    Huntsville, Texas on June 4, 1997 in the continued deportation

4    matter concerning Francisco Javier Flores-Ordaz, file A 17 305

5    744.  The respondent is represented by Mr. Todd Keller.  The

6    Immigration Service is represented by Ms. Charlotte Lang.

7    JUDGE TO MR. FLORES-ORDAZ

8             Q.  To the respondent in English, sir, what is your

9    complete name?  Sir, what is your name?

10            A.  Francisco Flores.

11            Q.  And, which language do you speak and understand

12   best?

13            A.  English.

14            Q.  You're here today with Mr. Keller.  Does he have

15   your permission to speak for you?

16            A.  Yes, sir.

17   JUDGE TO MR. KELLER

18            Q.  Mr. Keller, the hearing had been reset from 23

19   April 1997 at your request to allow for preparation.  Prior to

20   that, the respondent was in court on March 25, 1997.

21            A.  Yes.

22            Q.  At this time, is the respondent prepared to

23   proceed?

24            A.  Your Honor, I've received some documents.  Well, I

25   guess the answer to your question is no.  I received some

A 17 305 744                    5                    June 4, 1997

sea

1   documents from his family in Spanish.  I received them this week,

2   actually the end of last week and I received $100 from his

3   family, so I intend to file this as soon as I get those

4   documents.

5             Q.   File what?

6             A.   His N-600, Your Honor.

7             Q.   Based upon his relationship to who?

8             A.   His father, Your Honor.

9             Q.   His father was born in the United States?

10            A.   No, sir, naturalized prior to the respondent's

11   18th birthday and there was a divorce in Mexico.

12            Q.   All right.  When was the divorce?

13            A.   The divorce was --

14   MR. KELLER TO MR. FLORES-ORDAZ

15            Q.   You were a young child, I believe?

16            A.   Yes.

17            Q.   And, --

18   JUDGE TO MR. FLORES-ORDAZ

19            Q.   How old were you, sir, at the time of the divorce?

20            A.   Perhaps one year.

21            Q.   One year, all right.  And, who had custody of you

22   after the divorce?  Your mother or your father?

23            A.   Initially it was my father and then I went over to

24   my mother.

25            Q.   When did you go over to your mother?  How old were

A 17 305 744                    6                    June 4, 1997

CMsPDF - www.twsia.com

sea

1    you?

2              A.   I don't know, sir.  Ever since I've been going

3    with both parents.  I left when I was incarcerated.

4              Q.   All right, well, I probably asked you too many

5    questions already.

6    JUDGE TO MR. KELLER

7              Q.   Well, Mr. Keller, I'm going to reset this case for

8    July 8th, 1997.

9              A.   Thank you, Your Honor.

10             Q.   This will be the last time I reset the matter,

11   however.

12             A.   Yes, sir.

13             Q.   I'm going to --

14   JUDGE TO MS. LANG

15             Q.   Ms. Lang, is there anything from the Service?

16             A.   Yes, Your Honor.  (Indiscernible).

17   JUDGE TO MR. KELLER

18             Q.   Mr. Keller, the Service has provided to the Court

19   and to the respondent documents they wish to have the Court

20   consider in the respondent's deportation case.  These documents

21   consist of Form I-213, conviction record for burglary and for

22   assault.  Any -- well, sir, I'm going to make these documents as

23   Exhibit 2 for identification and we'll discuss them in more

24   detail at the next hearing.

25             A.   I understand.

A 17 305 744                      7                    June 4, 1997

sea

1    JUDGE FOR THE RECORD

2             And, if there is nothing further, the matter is

3    continued.

4                         <u>HEARING CONTINUED</u>

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

A 17 305 744                    8                    June 4, 1997

CitiPDF - www.bislp.com

U.S. Department of Justice
Executive Office for Immigration Review
Immigration Court


Matter of                                    File A 17 305 744


                              )
FRANCISCO JAVIER FLORES-ORDAZ   )
                              )          IN REMOVAL PROCEEDINGS
        Respondent             )
                              )          Transcript of Hearing


Before JIMMIE BENTON, Immigration Judge


Date:  July 8, 1997              Place: Huntsville, Texas


Transcribed by DEPOSITION SERVICES, INC. At Rockville, Maryland


Official Interpreter:  Juan Herrera


Language:  Spanish


Appearances:

        For the Immigration and        For the Respondent:
        Naturalization Service:

        John McPhail, Esquire          Todd Keller, Esquire

sea

1    JUDGE FOR THE RECORD

2           This is Immigration Judge Jimmie Benton sitting in

3    Huntsville, Texas on July 8, 1997 in the continued deportation

4    matter concerning respondent Francisco Javier Flores-Ordaz, file

5    A 17 305 744.  The respondent is represented by Mr. Todd Keller.

6    The Service is represented by Mr. John McPhail.

7    JUDGE TO MR. FLORES-ORDAZ

8           Q.   To the respondent, sir, what is your complete

9    name?

10          A.   Francisco Javier Flores-Ordaz.

11          Q.   Which language do you speak best?

12          A.   English.

13          Q.   You are here today with Mr. Keller, does he have

14   your permission to speak for you?

15          A.   Yes, sir.

16   JUDGE TO MR. KELLER

17          Q.   Mr. Keller, prior to going on the record, you

18   provided the Court with a receipt for a Javier Francisco for an

19   N-600 that was filed in the Houston District Office of the INS to

20   show that the $100 fee was paid for the application, indicating,

21   of course, that an application for a certificate of citizenship

22   had been filed on behalf of the respondent.  Is that correct?

23          A.   Yes, sir.

24          Q.   And, sir, I'm going to reset this matter for

25   approximately six months to allow the Immigration Service to

A 17 305 744                    9                    July 8, 1997

sea

1    adjudicate the application for certificate of citizenship.  I'm

2    going to reset the matter for January 8, 1996, 1998, rather at 1

3    p.m..  However, sir, the Immigration Service submitted at the

4    last hearing a group of documents that they wanted the Court to

5    consider consisting of an I-213 and conviction record of burglary

6    of a motor vehicle and a conviction record for assault.  What is

7    the respondent's position on the admissability of these

8    documents?

9            A.   Your Honor, no objection.

10   JUDGE FOR THE RECORD

11           They will be marked as Exhibit number 2.

12   JUDGE TO MR. KELLER

13           Q.   Now, Mr. Keller, I want the respondent to plead to

14   the allegations and to the charge.  How does he plead to the

15   eight factual allegations?

16           A.   Your Honor, the respondent would deny allegations

17   number one and number two and would plead true to the remainder

18   of the allegations.

19           Q.   And, the respondent denies deportability?

20           A.   Yes, sir.

21           Q.   Very well.

22   JUDGE FOR THE RECORD

23           If there is nothing further then the matter will be

24   continued as indicated.

25                      HEARING CONTINUED

A 17 305 744            10            July 8, 1997

sea

1    JUDGE FOR THE RECORD

2              This is Immigration Judge Jimmie Benton sitting in

3    Huntsville, Texas on June 4, 1999 in the continuation of a

4    deportation proceeding for respondent Francisco F-R-A-N-C-I-S-C-O

5    Javier J-A-V-I-E-R Flores F-L-O-R-E-S Ordaz O-R-D-A-Z, also known

6    as Francisco Frank Flores, file A 17 305 744.  The respondent is

7    present and is represented by Mr. Barry Klar, who is an advisory

8    attorney with the Texas Department of Criminal Justice, State

9    Counsel for Offenders, Immigration Service Section.  The Service

10   is represented by Mr. John McPhail M-C-P-H-A-I-L.

11   JUDGE TO MR. KELLER

12             Q.   To the respondent, sir, is English your best

13   language?

14             A.   Yes.

15             Q.   What is your complete name?

16             A.   Francisco Javier Flores-Ordaz.

17             Q.   You are present today with Mr. Klar.  Does he have

18   permission to speak for you?

19             A.   Yes, Your Honor.

20   JUDGE TO MR. KLAR

21             Q.   Mr. Klar, this matter has been pending in this

22   court since around April of 1997, well over two years.  The

23   respondent denied allegations one and two on the Notice to

24   Appear, but admitted the remaining allegations and denied that he

25   was subject to removal from the United States.  He has been

A 17 305 744              11              June 4, 1999

sea

1  pursuing an application for certificate of citizenship on the

2  Form N-600 with the Immigration and Naturalization Service since

3  about June 4 of 1997.   Today, prior to going on the record, the

4  Immigration Service submitted to the Court a Notice of a Denial

5  of the respondent's application for certificate of citizenship.

6  I'm going to mark that notice as Exhibit number 3.  Do you have a

7  copy of it, Mr. Klar?

8           A.   Yes, Your Honor, thank you.

9  JUDGE FOR THE RECORD

10          And, today the respondent submits to the Court a copy

11 of his application for certificate of citizenship that I'm going

12 to mark as Exhibit number 4.

13 JUDGE TO MR. KLAR

14          Q.   Is this the application that he submitted to the

15 Immigration Service?

16          A.   Yes, Your Honor.

17 JUDGE FOR THE RECORD

18          And, the denial indicates that the respondent, as

19 Exhibit number 3, indicates that the respondent is ineligible for

20 certificate of citizenship because he has not fulfilled the

21 conditions of having both parents naturalized when he was under

22 the age of 18.  A review of Exhibit 4 indicates that his father

23 naturalized on March 20th, 1985 and his mother naturalized on

24 April 10, 1992.  And, that the respondent was born in July of

25 1992, so that he was over 18 years of age at the time of both

A 17 305 744                12                June 4, 1999

Case 2:00-cv-00017   Document 7   Filed in TXSD on 04/13/2000   Page 46 of 73

1   parents' naturalization.  So therefore, he would be ineligible

2   for a citizenship based upon the naturalization of his parents.

3   And, the Court finds that the information at Exhibit 4 as well as

4   information in Exhibit 2 establishes that the respondent is not a

5   citizen of the United States, that he was born in Mexico and that

6   he is a citizen of Mexico.  The Court further finds that the

7   evidence establishes by clear, convincing and unequivocal

8   evidence, of evidence that is clear, convincing and unequivocal

9   that the respondent has been convicted of two crimes involving

10  moral turpitude not arising out of a single scheme of misconduct.

11  And, that he has been convicted of an aggravated felony.

12  JUDGE TO MR. KLAR

13          Q.   In the event that removal is necessary, Mr. Klar,

14  will the respondent designate a country for removal?

15  MR. FLORES-ORDAZ TO JUDGE

16          Q.   Mexico.

17  MR. KLAR TO JUDGE

18          Q.   Mexico, Your Honor.

19          A.   Thank you.  Will the respondent be seeking relief

20  from removal?

21          Q.   No, Your Honor.

22          A.   I'm going to order the respondent's removal from

23  the United States to Mexico.  Does he wish to reserve appeal?

24          Q.   Yes, Your Honor.

25                      JUDGE RENDERS ORAL DECISION

A 17 305 744              13              June 4, 1999

sea

1  JUDGE FOR THE RECORD

2          Back to the regular order of business.  I've ordered

3  respondent's removal from the United States.

4  JUDGE TO MR. FLORES-ORDAZ

5          Q.  Mr. Flores, your appeal, if you file one, must be

6  filed on or before July 6th, 1999 with the Board of Immigration

7  Appeals in Falls Church, Virginia.  Before you leave court today,

8  we're going to give you a copy of the form that you may use to

9  file your Notice of Appeal.  The address for the Board is on that

10  form.  If the Board does not receive your appeal on or before

11  July 6th, 1999, the Board may refuse to hear your appeal.  There

12  is a fee to file the appeal.  However, if you don't have the

13  money to pay the fee, you may request a fee waiver.  A form that

14  you may use to request a fee waiver will also be provided to you

15  prior to your departure from court today.  You have the right to

16  be assisted with your appeal by counsel of your choice to include

17  Mr. Klar or Mr. Keller.  We're going to give you a copy of the

18  legal aid list of organizations in the local area that may be

19  willing to take your case on appeal for little or no money.  The

20  organizations on that list, of course, are not obligated to help

21  you.  Your best chance of getting counsel to assist you is either

22  for you to use the services of Mr. Keller or Mr. Klar, if you can

23  convince them to assist you, or for you to pay an attorney to do

24  that.  On the reverse side of the legal aid list is a written

25  explanation of your appeal rights.  If you file an appeal with,

A 17 305 744                14                    June 4, 1999

CutePDF - www.tuvise.com

sea

```
1    with the Board, you must also provide the Immigration Service
2    with a copy of that appeal at their, at their address which is
3    also found on the reverse side of the legal aid list.  Otherwise,
4    the Board may refuse to hear your appeal.  Finally, sir, if you
5    are eventually removed from the United States, because of my
6    decision today, you may not return to the United States at any
7    time illegally, because if you do, you could go to jail from two
8    to 20 years and be fined $250,000.
9    JUDGE TO MR. MCPHAIL
10             Q.   Mr. McPhail, is this decision final with the
11   Service?
12             A.   Yes, sir.
13   JUDGE FOR THE RECORD
14             Matter is closed.
15                           HEARING CLOSED
16
17
18
19
20
21
22
23
24
25
```

A 17 305 744                      15                      June 4, 1999

CutePDF - www.teoisc.com



# STATE COUNSEL FOR OFFENDERS

### A Division of
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE



| **LEGAL SERVICES** | **IMMIGRATION SERVICES** | **TRIAL SERVICES** |
|---|---|---|
| **ADMINISTRATIVE SERVICES** | P.O. Box 4007 | **INVESTIGATIVE SERVICES** |
| P.O. Box 4005 | Huntsville, TX 77342-4007 | P.O. Box 4006 |
| Huntsville, TX 77342-4005 | | Huntsville, TX 77342-4006 |

June 25, 1997

Immigration & Naturalization Service
(ARO Filing)
P.O. Box 670289
Houston, TX 77267-0289

Dear Sir/Madam:

Enclosed please find the N-600 Application for Francisco Javier Flores-Ordaz, A# 17 305 744. Please file the application and return the receipt to me in the enclosed self-addressed envelope.

If you have questions, please do not hesitate to contact me.

Thank you for your assistance.

Sincerely,

Todd Keller
(409)437-5257

Enc.'s



# NOTICE OF ENTRY OF APPEARANCE AS ATTORNEY OR REPRESENTATIVE

| In re: | DATE 6-20-97 |
|---|---|
| Francisco Savier Flores-Order | FILE No. A17 305 744 |

I hereby enter my appearance as attorney for (or representative of), and at the request of, the following named person(s):

| NAME Francisco Flores | ☐ Petitioner   ☐ Applicant |
| | ☐ Beneficiary   ☒ Respondent |

| ADDRESS (Apt. No.)   (Number & Street)   (City)   (State)   (ZIP Code) |
| C/O TDCJ-ID,   P.O. Box 99   Huntsville   TX   77342-0099 |

| NAME | ☐ Petitioner   ☐ Applicant |
| | ☐ Beneficiary   ☐ |

| ADDRESS (Apt. No.)   (Number & Street)   (City)   (State)   (ZIP Code) |

*Check Applicable Item(s) below:*

☒ 1   I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia

TEXAS            SUPREME COURT
(Name of Court)
and am not under a court or administrative agency order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2.   I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3.   I am associated with
the attorney of record who previously filed a notice of appearance in this case and my appearance is at his request. *(If you check this item, also check item 1 or 2 whichever is appropriate.)*

☒ 4.   Others (Explain fully.)   Inmate Legal Services is an agency under the Texas Department of Criminal Justice and offers and limits legal assistance only to indigent inmates who are in the actual control of the Texas Department of Criminal Justice - ID.

| SIGNATURE | COMPLETE ADDRESS |
| | Texas Department of Criminal Justice |
| | P.O. Box 99 |
| | Huntsville, TX  77342-0099 |

| NAME (Type or Print) | TELEPHONE NUMBER |
| Staff Attorney - Inmate Legal Services | (409) 294-6611 |

*PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:*   TDCJ - Inmate Legal Services, Staff Attorney
(Name of Attorney or Representative)

*THE ABOVE CONSENT TO DISCLOSE IS IN CONNECTION WITH THE FOLLOWING MATTER:*

Deportation Proceedings

| NAME OF PERSON CONSENTING | SIGNATURE OF PERSON CONSENTING | DATE |

*(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)*

Form G-28
(Rev. 10-25-79)N

(OVER)

UNITED STATES DEPARTMENT OF JUSTICE
Immigration and Naturalization Service

For sale by the Superintendent of Documents, U.S. Government Printing Office, Washington, D.C. 20402

## NOTICE OF ENTRY OF APPEARANCE AS ATTORNEY OR REPRESENTATIVE

| In re: | DATE 6-20-97 |
|---|---|
| Francisco Javier Flores-Ordaz | FILE No. A-17 305 744 |

I hereby enter my appearance as attorney for (or representative of), and at the request of, the following named person(s):

| NAME Francisco Flores | ☐ Petitioner   ☐ Applicant |
|---|---|
| | ☐ Beneficiary   ☒ Respondent |

ADDRESS   (Apt. No.)   (Number & Street)   (City)   (State)   (ZIP Code)
C/O TDCJ-ID,   P.O. Box 99   Huntsville   TX   77342-0099

| NAME | ☐ Petitioner   ☐ Applicant |
|---|---|
| | ☐ Beneficiary   ☐ |

ADDRESS   (Apt. No.)   (Number & Street)   (City)   (State)   (ZIP Code)

### Check Applicable Item(s) below:

[X] 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia

TEXAS                    SUPREME COURT
                                (Name of Court)
_____ and am not under a
court or administrative agency order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:
_____

☐ 3. I am associated with _____
the attorney of record who previously filed a notice of appearance in this case and my appearance is at his request. (If you check this item, also check item 1 or 2 whichever is appropriate.)

[X] 4. Others (Explain fully.) Inmate Legal Services is an agency under the Texas Department of Criminal Justice and offers and limits legal assistance only to indigent inmates who are in the actual control of the Texas Department of Criminal Justice - ID.

| SIGNATURE | COMPLETE ADDRESS |
|---|---|
| | Texas Department of Criminal Justice |
| | P.O. Box 99 |
| | Huntsville, TX  77342-0099 |
| NAME (Type or Print)  Todd Keller | TELEPHONE NUMBER |
| Staff Attorney - Inmate Legal Services | (409) 294-6611 |

PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS: TDCJ - Inmate Legal Services, Staff Attorney
                                    (Name of Attorney or Representative)

THE ABOVE CONSENT TO DISCLOSE IS IN CONNECTION WITH THE FOLLOWING MATTER:

### Deportation Proceedings

| NAME OF PERSON CONSENTING | SIGNATURE OF PERSON CONSENTING | DATE |
|---|---|---|
| | Francisco Flores Jr. XJ | |

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

Form G-28
(Rev. 10-25-79)N                    (OVER)                    UNITED STATES DEPARTMENT OF JUSTICE
                                                              Immigration and Naturalization Service
For sale by the Superintendent of Documents, U.S. Government Printing Office. Washington, D.C. 20402

U.S. DEPARTMENT OF JUSTICE
IMMIGRATION AND NATURALIZATION SERVICE

# APPLICATION FOR CERTIFICATE OF CITIZENSHIP

OMB No. 1115–0018

**FEE STAMP**

Take or mail this application to:
**IMMIGRATION AND NATURALIZATION SERVICE**

*(Print or type)* _Francisco Javier Flores-Ordaz_    Date _06-20-97_    nee _None_
(Full, True Name, without Abbreviations)                               (Maiden name, if any)

_Immigration Services, P.O. Box 4007_
(Apartment number, Street address, and, if appropriate, "in care of")

_Huntsville, Walker, Texas 77342-4007_
(City)        (County)        (State)        (ZIP Code)

_(409) 437-5257_
(Telephone Number)

**ALIEN REGISTRATION**
No. _17-305-744_

**(SEE INSTRUCTIONS. BE SURE YOU UNDERSTAND EACH QUESTION BEFORE YOU ANSWER IT.)**

I hereby apply to the Commissioner of Immigration and Naturalization for a certificate showing that I am a citizen of the United States of America.

(1) I was born in _Tlahualilo, DGO, Mexico_ on _07 24 1962_
    (City)        (State or country)        (Month) (Day) (Year)

(2) My personal description is: Sex _Male_ ; complexion _brown_ ; color of eyes _brown_ ; color of hair _brown_ ;
height _5_ feet _9_ inches; weight _230_ pounds; visible distinctive marks _None_.
Marital status: ☐ Single;  ☐ Married;  ☒ Divorced;  ☐ Widow(er).

(3) I arrived in the United States at _Eagle Pass, Texas_ on _07 29 66_
    (City and State)        (Month) (Day) (Year)
under the name _Francisco Flores_ by means of _automobile_
                                              (Name of ship or other means of arrival)

☐ on U.S. Passport No. _____ issued to me at _____ on _____ ;
                                                              (Month) (Day) (Year)
☒ on an Immigrant Visa.  ☐ Other (specify) _____

**(4) FILL IN THIS BLOCK ONLY IF YOU ARRIVED IN THE UNITED STATES BEFORE JULY 1, 1924.**

(a) My last permanent foreign residence was _N/A_
                                            (City)        (Country)

(b) I took the ship or other conveyance to the United States at _____
                                                                (City)        (Country)

(c) I was coming to _____ at _____
                   (Name of person in the United States)        (City and State where this person was living)

(d) I traveled to the United States with _____
                                        (Names of passengers or relatives with whom you traveled, and their relationship to you, if any)

**(5)** Have you been out of the United States since you first arrived?  ☐ Yes  ☒ No.  If "Yes" fill in the following information for every absence.

| DATE DEPARTED | DATE RETURNED | NAME OF AIRLINE, OR OTHER MEANS USED TO RETURN TO THE UNITED STATES | PORT OF RETURN TO THE UNITED STATES |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**(6)** I _have not_ filed a petition for naturalization.
      (have) (have not)
*(If "have", attach full explanation.)*

**TO THE APPLICANT.—Do not write between the double lines below.  Continue on next page.**

| ARRIVAL RECORDS EXAMINED | ARRIVAL RECORD FOUND | |
|---|---|---|
| Card index .......... | Place .......... | Date .... |
| Index books .......... | Name .......... | |
| Manifests .......... | | |
| | Manner .......... | |
| | Marital status .......... | Age .... |
| | (Signature of person making search) | |

(1)

GPO : 1996 O – 171-348

(CONTINUE HERE)

(7) I claim United States citizenship ~~ough~~ my (check whichever applicable) ☑ ~~..er:~~ ☐ mother: ☐ both parents:

☐ adoptive parent(s)     ☐ husband

(8) My father's name is _Francisco C. Flores_ ; he was born on _05 - 11 - 1937_
(Month)  (Day)  (Year)

at _Hidalgo Del Parral, Chihuahua, Mexico_ ; and resides at _110 Alamo Street, Hereford,_
(City)                              (State or country)        (Street address, city, and State of country. If dead, write

_Texas 79045_ . He became a citizen of the United States by ☐ birth; ☑ naturalization on _03  20  85_
"dead" and date of death.)                                                    (Month)  (Day)  (Year)

in the _Northern District of Texas, Amarillo, TX._ Certificate of Naturalization No. _11920901_
(Name of court, city, and State)

☐ through his parent(s), and _____ _____ issued Certificate of Citizenship No. A or AA ....................
                           (was)   (was not)

(If known) His former Alien Registration No. was _Unknown_ ..............................

He ~~has~~ has not lost United States citizenship. (If citizenship lost, attach full explanation.)
(has) (has not)

He resided in the United States from _1963_ to _present_ ; from _____ to _____ ; from _____ to _____
                          (Year)   (Year)        (Year)   (Year)        (Year)   (Year)

from _____ to _____ ; from _____ to _____ ; I am the child of his _1st_ marriage.
  (Year)   (Year)      (Year)   (Year)                   (1st, 2d, 3d, etc.)

(9) My mother's present name is _Maria Concepcion Torres_ ; her maiden name was _Ordaz_

she was born on _12 - 05 - 40_ ; at _Tlahualilo, DGO, Mexico_ ; she resides
              (Month) (Day) (Year)        (City)                  (State or country)

at _4303 Kings Lane, Burton, Michigan, 48529_ She became a citizen of the United States
   (Street address, city, or country. If dead, write "dead" and date of death.)

by ☐ birth; ☑ naturalization under the name of _Maria Concepcion Ortiz_

on _04 - 10 - 92_ in the _Northern District of Texas, Dallas, Texas_
   (Month) (Day) (Year)            (Name of court, city, and State)

Certificate of Naturalization No. _14928069_ ; ☐ through her parent(s), and _____ _____ issued Certificate
                                                                        (was)  (was not)

of Citizenship No. A or AA .............................. (If known) Her former Alien Registration No. was ..............................

She has not lost United States citizenship. (If citizenship lost, attach full explanation.)
(has) (has not)

She resided in the United States from _1962_ to _present_ from _____ to _____ ; from _____ to _____ ; from _____
                          (Year)   (Year)        (Year)   (Year)        (Year)   (Year)        (Year)

to _____ ; from _____ to _____ ; I am the child of her _1st_ marriage.
  (Year)      (Year)   (Year)                  (1st, 2d, 3d, etc.)

(10) My mother and my father were married to each other on _21-05-58_ at _Tlahualilo, DGO, Mexico (divorced)_
                                                    (Month) (Day) (Year)    (City)        (State or country)

(11) If claim is through adoptive parent(s):
    I was adopted on _____ _____ _____ _N/A_ in the _____
                   (Month)  (Day)  (Year)                      (Name of Court)

at _____ _____ _____ by my _____
   (City or town)  (State)  (Country)              (mother, father, parents)

who were not United States citizens at that time.

(12) My _N/A_ served in the Armed Forces of the United States from _____
       (father) (mother)                                                (Date)

to _____ and _____ _____ honorably discharged.
    (Date)         (was)  (was not)

(13) I have not lost my United States citizenship. (If citizenship lost, attach full explanation.)
     (have) (have not)

(14) I submit the following documents with this application:

| Nature of Document | Names of Persons Concerned |
|---|---|
| Certificate of Naturalization | Francisco C. Flores - Father |
| Birth Certificate | Francisco I. Flores - Applicant |

(2)

**(15)** Fill in this block if your brother, sister, mother or father ever applied to the Immigration Service for a certificate of citizenship.

| NAME OF RELATIVE | RELATIONSHIP | Date of Birth | WHEN APPLICATION SUBMITTED | CERTIFICATE NO. AND FILE NO., IF KNOWN, AND LOCATION OF OFFICE |
|---|---|---|---|---|
| None | | | | |
| | | | | |
| | | | | |
| | | | | |

**(16)** Fill in this block only if you are now or ever have been a married woman. I have been married .............. time(s), as follows:  *N/A*   (1, 2, 3, etc.)

| DATE MARRIED | NAME OF HUSBAND | CITIZENSHIP OF HUSBAND | IF MARRIAGE HAS BEEN TERMINATED: | |
|---|---|---|---|---|
| | | | Date Marriage Ended | How Marriage Ended (Death or divorce) |
| | | | | |
| | | | | |

**(17)** Fill in this block only if you claim citizenship through a husband. (*Marriage must have occurred prior to September 22, 1922.*)
Name of citizen husband ...... *N/A* .................; he was born on ............................................
  (Give full and complete name)                                     (Month)   (Day)   (Year)
at ...................................................; and resides at ........................................................
     (City)                           (State or country)                        (Street address, city, and State or country. If dead, write
.............................................................
"dead" and date of death.)   He became a citizen of the United States by ☐ birth; ☐ naturalization on ........................
                                                                                              (Month)  (Day)  (Year)
in the ...........................................  Certificate of Naturalization No. ....................................;
          (Name of court, city, and State)
☐ through his parent(s), and ....................... issued Certificate of Citizenship No. A or AA ....................
                                   (was)   (was not)
He ....................... since lost United States citizenship. (*If citizenship lost, attach full explanation.*)
     (has)   (has not)
I am of the ..................... race.  Before my marriage to him, he was married ................ time(s), as follows:
                                                                                        (1, 2, 3, etc.)

| DATE MARRIED | NAME OF WIFE | IF MARRIAGE HAS BEEN TERMINATED: | |
|---|---|---|---|
| | | Date Marriage Ended | How Marriage Ended (Death or divorce) |
| | | | |
| | | | |

**(18)** Fill in this block only if you claim citizenship through your stepfather. (*Applicable only if mother married U.S. Citizen prior to September 22, 1922.*)
The full name of my stepfather is ...... *N/A* ....................   e was born on ........................................
                                                                                                (Month)   (Day)   (Year)
at ...........................................; and resides at .................................................................
     (City)                    (State or country)                         (Street address, city, and State or country. If dead, write
.............................................................
"dead" and date of death.)   He became a citizen of the United States by ☐ birth; ☐ naturalization on ........................
                                                                                              (Month) (Day) (Year)
in the ...........................................  Certificate of Naturalization No. ....................................;
          (Name of court, city, and State)
☐ through his parent(s), and ..................... issued Certificate of Citizenship No. A or AA ....................
                                   (was)   (was not)
He ..................... since lost United States citizenship. (*If citizenship lost, attach full explanation.*)
     (has)   (has not)
He and my mother were married to each other on ...................... at ........................................
                                                     (Month)   (Day)   (Year)                    (City and State or country)
My mother is of the ......................... race.  She ................ issued Certificate of Citizenship No. A ...........
                                                         (was)   (was not)
Before marrying my mother, my stepfather was married .............. time(s), as follows:
                                                                        (1, 2, 3, etc.)

| DATE MARRIED | NAME OF WIFE | IF MARRIAGE HAS BEEN TERMINATED: | |
|---|---|---|---|
| | | Date Marriage Ended | How Marriage Ended (Death or divorce) |
| | | | |
| | | | |

**(19)** I *have not* ..... previously applied for a certificate of citizenship on --------------, at ----------------
        (have)  (have not)                                                        (Date)                 (Office)

**(20)** Signature of person preparing form, if other than applicant. I declare that this document was prepared by me at the request of the applicant and is based on all information of which I have any knowledge.

SIGNATURE:

ADDRESS: _____  DATE: _____

(SIGN HERE) *Francisca Xavier Hernandez*
                   (Signature of applicant or parent or guardian)

(3)

APPLICANT. — Do not fill in or sign anything on this page

## AFFIDAVIT

I, the ...................................................., do swear
that I know and understand the contents of this application,
signed by me, and of attached supplementary pages num-
bered (   ) to (   ), inclusive; that the same are true to the
best of my knowledge and belief; and that corrections num-
bered (   ) to (   ) were made by me or at my request.

Subscribed and sworn to before me upon examination of the
applicant (parent, guardian) at ......................... ...............
....................., this ................. day of ........................, 19......
and continued solely for:

......................................................
(Signature of applicant, parent, guardian)

......................................................
(Officer's Signature and Title)

## REPORT AND RECOMMENDATION ON APPLICATION

On the basis of the documents, records, and persons examined, and the identification upon personal appearance of the underage
beneficiary, I find that all the facts and conclusions set forth under oath in this application are ...... .... true and correct; that the
applicant did ..∧...... derive or acquire United States citizenship on ................................................., through

*(Month)   (Day)   (Year)*

and that (s)he _____ been expatriated since that time. I recommend that this application be _____ and that
                (has)  (has not)                                                                         (granted) (denied)
_____ Certificate of citizenship be ___NOT___ issued in the name of _____
(A)   (AA)
In addition to the documents listed in Item 14, the following documents and records have been examined:

*DENIED*

| Person Examined | Address | Relationship to Applicant | Date Testimony Heard |
|---|---|---|---|
| ......................... | ......................... | ......................... | ......................... |
| | ......................... | | |
| ......................... | ......................... | SOPHIE HA *she* | |
| | | DISTRICT ADJUDICATION OFFICER | |

Supplementary Report(s) No.(s) .......... ........................ Attached.
Date _____, 19_____.

......................................................
(Officer's Signature and Title)

I do ..... ..... concur in the recommendation.

Date .... **JUN 0 2 1999** .., 19.....

......................................................
(Signature of District Director or Officer in Charge)

(4)



# UNITED STATES OF AMERICA · CERTIFICATE OF NATURALIZATION

No. 11920901

Petition No. 2736



Personal description of holder as of date of naturalization: Date of birth May 11, 1937  Sex Male
complexion Medium  color of eyes Gray  color of hair Brown  height 5 feet 6 inches
weight 175 pounds  visible distinctive marks None
Marital status Divorced  Former nationality Mexico

I certify that the description above given is true, and that the photograph affixed hereto is a likeness of me.

*(signature of holder)*

Registration No. A13 527 702

**ORIGINAL**

UNITED STATES OF AMERICA
NORTHERN DISTRICT OF TEXAS } ss:

Be it known that at a term of the U. S. District    Court
The Northern District of Texas
held pursuant to law at Amarillo, Texas
on March 20, 1985  the Court having found that

FRANCISCO FLORES CASTANEDA

then residing at 110 Alamo, Hereford, Texas

intends to reside permanently in the United States (when so required by the
Naturalization Laws of the United States) had in all respects complied with
the applicable provisions of such naturalization laws, and was entitled to
be admitted to citizenship, thereupon ordered that such person be and (s)he was
admitted as a citizen of the United States of America.

In testimony whereof the seal of the court is hereunto affixed this 20th
day of March in the year of our Lord nineteen hundred and
eighty-five.

NANCY HALL DOHERTY
Clerk of the U. S. District  Court

By _____  Deputy Clerk

IT IS PUNISHABLE BY U. S. LAW TO COPY,
PRINT OR PHOTOGRAPH THIS CERTIFICATE.

Case 2:00-cv-00017    Document 7    Filed in TXSD on 04/13/2000    Page 57 of 73



# ESTADOS UNIDOS MEXICANOS

## REGISTRO CIVIL

No. DE CONTROL

# A124726

EN NOMBRE DEL ESTADO LIBRE Y SOBERANO DE **Durango**
Y COMO OFICIAL **01** DEL REGISTRO CIVIL DE ESTA MUNICIPALIDAD O DELEGACION
**CERTIFICO**: SER CIERTO QUE EN EL LIBRO No. **1, Uno** DEL Día **25 de Agosto** de 1962.
DEL REGISTRO CIVIL QUE ES A MI CARGO, EN LA FOJA **96Frte.** SE ENCUENTRA ASENTADA
EL ACTA No. **379** LEVANTADA POR EL C. OFICIAL **01** DEL REGISTRO CIVIL
De **Tlahualilo de Zaragoza, Dgo., C. Manuel Villalpando Prieto.**
EN LA CUAL SE CONTIENEN LOS SIGUIENTES DATOS:

## ACTA DE NACIMIENTO

NOMBRE  **FLORES**                **ORDAZ**            **FRANCISCO JAVIER**
         APELLIDO PATERNO          APELLIDO MATERNO         NOMBRE

FECHA DE NACIMIENTO   **24**        **Julio**        **1962**    HORA  **9:00**
                      DIA           MES              AÑO

PRESENTADO:   VIVO Ⓧ   MUERTO ◯        SEXO:   MASCULINO Ⓧ   FEMENINO ◯

LUGAR DE NACIMIENTO **Campana, Dgo.**

COMPARECIO:   EL PADRE Ⓧ   LA MADRE ◯   AMBOS ◯   PERSONA DISTINTA ◯   REGISTRADO ◯

## P A D R E S

NOMBRE  **Francisco Flores**       NACIONALIDAD **Mexicana** EDAD **25** AÑOS

NOMBRE  **Ma. Concepción Ordaz**   NACIONALIDAD **Mexicana** EDAD **21** AÑOS

## A B U E L O S

ABUELO PATERNO  **Pedro Flores**            NACIONALIDAD **Mexicana**

ABUELA PATERNA  **Andrea Castañeda**        NACIONALIDAD **Mexicana**

ABUELO MATERNO  **Blas Ordaz**              NACIONALIDAD **Mexicana**

ABUELA MATERNA  **Cruz Mascorro**           NACIONALIDAD **Mexicana**

## T E S T I G O S

NOMBRE  **Gilberto Valles**     NACIONALIDAD – – – EDAD – – – AÑOS

NOMBRE  **Rito Campa**          NACIONALIDAD – – – EDAD – – – AÑOS

No. DE CERTIFICADO DE NACIMIENTO – – – – – – C.U.R.P. – – – – – – –

## PERSONA DISTINTA DE LOS PADRES QUE PRESENTA AL REGISTRADO

NOMBRE – – – – – – – – – EDAD – – – PARENTESCO – – – –

SE EXTIENDE ESTA CERTIFICACION, EN CUMPLIMIENTO DEL ARTICULO **47** DEL
CODIGO CIVIL VIGENTE EN EL ESTADO, EN **Tlahualilo de Zaragoza, Dgo.**
A LOS **04** DIAS DEL MES DE **Agosto** DE **1986.**

EL C. OFICIAL **01** DEL REGISTRO CIVIL, DOY FE.

**JOSE ANGEL RAMIREZ ORTIZ.**
_____
NOMBRE                          FIRMA

THE MEXICAN UNITED STATES

IN THE NAME OF THE FREE STATE OF DURANGO AND THE OFFICIAL NO. 1
OF THE REGISTERED CIVIL OF THIS MUNICIPAL OR DELEGATION
CERTIFICATE; THIS IS TRUE ACCORDING TO BOOK NO.1 THIS DAY OF
AUGUST 25,1962. THIS CIVIL REGISTER THAT I AM IN CHARGE OFTHE ACT
NO. 379 PICKED UP BY C. OFFICIAL #01 OF THE CIVIL REGISTER OF THE
CITY OF TLAHUALILO OF ZARAGOZA, DGO., C. MANUEL VILLALPANDO
PRIETO. WHICH INCLUDES THE FOLLOWING DOCUMENTS:

NAME FLORES,    ORDAZ    FRANCISCO JAVIER
       last name    middle     first name

DATE OF BIRTH  JULY 24, 1962     TIME: 9:00  BORN: ALIVE  SEX MALE

PLACE OF BIRTH:  CAMPANA, DURANGO  FATHER: FRANCISCO C. FLORES
NATIONALITY: MEXICAN AGE: 25 MOTHER: MARIA CONCEPCION ORDAZ
NATIONALITY: MEXIACAN AGE: 21

PATERNAL GRAND FATHER PEDRO FLORES NATIONALITY MEXICAN
MATERNAL GRAND MOTHER ANDREA CASTANEDA NATIONITY: MEXICAN

MATERNAL GRANDFATHER BLAS ORDAZ NATIONALITY  MEXICAN
MATERNAL GRANDMOTHER CRUZ MASCORRO NATIONALITY MEXICAN

WITNESSES
GILBERTO VALLES AND RITO CAMPA

THIS EXTENT OF THIS CERTIFICATION ARTICLE #47 OF THE CIVIL VIGENT
OF THE CITY TO TLAHUALILO DE ZARAGOZA, DURANGO THIS DAY OF
AUGUST 4, 1986 CIVIL COURT OFFICE #1.

JOSE ANGEL RAMIREZ ORTIZ.
     name

PLEASE EXCEPT THIS ENGLISH TRANSLATION. IT IS ACCURATE AND TRUE TO THE BEST OF MY
KNOWLEDGE I SWARE.  SARAI FLORES REYES

Imp. Gob



# PODER JUDICIAL DEL ESTADO DE CHIHUAHUA
## COPIA CERTIFICADA DE SENTENCIA DE DIVORCIO

ACTA   № 123946

EL CIUDADANO BENJAMIN ASCENSIO CORDERO, SECRETARIO DEL JUZGADO TERCERO DE LO CIVIL DEL DISTRITO BRAVOS, ESTADO DE CHIHUAHUA, REPUBLICA MEXICANA, C E R T I F I C A :- que en el juicio de divorcio necesario promovido por el señor FRANCISCO FLORES CANTALEDA en contra de su esposa la señora MARIA CONCEPCION ORDAZ DE FLORES, se dictó una resolución del tenor literal siguiente:- - - - - - - - - - - - - - - - - - - - -

R E S O L U C I O N :- - - - - - - - - - - - - -

"Ciudad Juárez, Chihuahua, a doce de septiembre de mil novecientos sesenta y tres.- V I S T O  para resolver en definitiva el juicio de divorcio necesario promovido por el señor FRANCISCO FLORES CANTALEDA, en contra de su esposa la señora MARIA CONCEPCION ORDAZ DE FLORES, (expediente número 3477/959); y, - R E S U L T A N D O :- Por escrito recibido en esta Ciudad el diecisiete de agosto del corriente año, el señor FRANCISCO FLORES CANTALEDA, sometiéndose expresamente a la jurisdicción y competencia de este Juzgado promovió juicio de divorcio necesario en contra de su esposa la señora MARIA CONCEPCION ORDAZ DE FLORES, alegando como causa la incompatibilidad de caracteres que motivó la separación de ambos cónyuges; y exponiendo: que el matrimonio fué contraído el día 5 de enero de 1959, en la Ciudad de Tlahualilo-Durango, México, como consta de la información testimonial que se ofreció; que de dicho matrimonio se procrearon tres hijos de nombres: MARIA DOLORES, MARIA y FRANCISCO JAVIER, que nacieron respectivamente el 20 de noviembre de 1953, 15 de enero de 1951, y 24 de julio de 1952, en Tlahualilo durango, todos de apellido Flores Ordaz, los cuales quedarán al lado y custodia de la madre, que no se adquirieron bienes dentro del matrimonio.- SE DIO ENTRADA A LA DEMANDA mandándose correr el traslado respectivo a la demandada y habiendo comparecido personalmente ante el suscrito Juez el actor señor FRANCISCO FLORES CANTALEDA, a presentar su demanda, acompañado de su abogado patrono señor Lic. Ernesto Ascencio y, dijo: que ratifica en todas sus partes su escrito inicial de demanda, incluso se somete expresamente a la jurisdicción y competencia de este Juzgado.-Por escrito recibido en esta Ciudad el día 17 de agosto del corriente año, la demandada señora MARIA CONCEPCION ORDAZ DE FLORES, contestóla demanda entablada en su contra, confesándola en todas sus partes, manifestando que se somete expresamente a la jurisdicción y competencia de este Juzgado; y por comparecencia personal que hizo la propia demandada señora ORDAZ DE FLORES, a este Juzgado, dijo: que ratifica en todas sus partes su escrito inicial de demanda, incluso se somete expresamente a la jurisdicción y competencia de este Juzgado; y pidiendo la resolución que se le dicte, en atención a que se han satisfecho todos los requisitos legales, inclusive el del pago de publicación de la misma, según certificado No. 164501, expedido por la Recaudación de Rentas de esta Ciudad; y, C O N S I D E R A N D O :- Es competente este Juzgado para resolver en el presente juicio de acuerdo con el artículo 23 de la ley del divorcio por haberse sometido ambas partes expresamente a la jurisdicción y competencia de este Juzgado; de conformidad con el artículo 22 de la propia ley se acreditó el matrimonio de las partes y la existencia de los hijos habidos en el mismo.-Como causa de divorcio señaló el actor la incompatibilidad de caracteres que motivó la separación de los cónyuges causal prevista en la fracción XII del artículo 3o. de la ley del divorcio y al confesarse la demandada todas sus partes, quedó plenamente probada de conformidad con el artículo 270 del Código de Procedimientos Civiles, supletorio.-Habiéndose manifesta

###

do en la demanda que del matrimonio se procrearon tres hijos
de acuerdo con el artículo 11 de la ley del divorcio queda--
rán bajo la guarda y custodia de su madre.- Diciéndose que--
no hay bienes, nada habrá de resolverse en esta sentencia so-
bre tal particulares.- Por lo expuesto y con apoyo además en
los artículos 1, 2, 10, 37, 43, 44 y 45 de la ley del divor-
cio invocada, se falla: - PRIMERO:- Se declara disuelto con -
todas sus consecuencias legales el matrimonio contraído por -
FRANCISCO FLORES CASTAÑEDA con MARIA CONCEPCION ORDAZ DE --
FLORES, el día 5 de enero de 1959, en la Ciudad de Tlahualilo, Durango , México, quedando ambas partes en aptitud de --
contraer nuevas nupcias.--SEGUNDO:- Los hijos del matrimonio-
de nombres: MARIA DOLORES, SARAI y FRANCISCO JAVIER, quedan-
bajo la guarda y custodia de su señora madre.-TERCERO:- Re-
gístrese la presente resolución, publíquese, dése a los in-
teresadas las copias certificadas que soliciten, y en su o-
portunidad archívense los autos.-ASI, de icitivamente juzgan-
do, lo sentenció y firma el C. Licenciado Carlos Uranga Mu-
ñoz, Juez Tercero de lo Civil del Distrito Bravos.-DOY F.---
LIC. CARLOS URANGA MUÑOZ.-SRIO.-- A.(?)(?)(?)(?) CORDERO.-RUBRICAS.

ES COPIA FIEL Y SIGADA DE SU ORIGINAL QUE DE DIAS PARA SURTIR,
SE EXPIDE PARA PARTE INTERESADA, QUIEN LO(?) SOLICITA, SE AU-
TORIZA Y FIRMA EN CIUDAD JUAREZ, CHIHUAHUA, MEXICO, A LOS --
DOCE DIAS DEL MES DE SEPTIEMBRE  DE MIL NOVECIENTOS SETENTA Y
TRES.-DOY F.- - - - - - - - - - - - - - - - - - - - - - -  ---

EL C. SECRETARIO.



```
THE PONDER JUDICIAL STATE OF CHIHUAHUA
       CERTIFICATE OF DIVORCE DECREE
```

ACT #123946

CITIZEN BENJAMIN ASCENSIO CORDERO, SECRETARY OF THE THIRD
JUDGE OF THE CIVIL DISTRICT BRAVOS, STATE OF CHIHUAHUA, MEXICAN
REPUBLIC.  CERTIFICATE: - IN THIS DIVORCE OF MR. FRANCISCO FLORES
CASTANEDA AGAINST MRS MARIA CONCEPCION ORDAZ DE FLORES IS A
RESOLUTION OF THE FOLLOWING:

R E S O L U T I O N: - IN THE CITY OF JUAREZ, CHIHUAHUA ON THIS DAY OF
SEPTEMBER 2, 1963 - THIS IS TO DISOLVE THE MARRIAGE OF FRANCISCO C.
FLORES AND MARIA CONCEPCION ORDAZ DE FLORES (EXPEDITION NO.
3477/965); AND ENDING UP ON THIS VERY DAY OF AUGUST 17TH OF THE
CURRENT YEAR OF 1963, MR. FRANCISCO FLORES CASTANEDA, EXPRESSED
BY THE JURISDICTION OF THIS JUDICIAL COURT OF DIVORCE THAT THEY
HAVE INCOMPATIBLE CHARACTERISTICS WHICH IS THE MOTIVE OF THE
DIVORCE.   THE MARRIAGE TOOK PLACE ON JANUARY THE 4TH NINETEEN
FIFTY-NINE, IN THE CITY OF TLAHUALIO, DGO. MEXICO, THE FOLLOWING
INFORMATION IS TESTIMONIAL AND THAT THEY HAVE TOGETHER THREE
CHILDREN; THEY ARE AS FOLLOWS:
MARIA DOLORES, SARAI, AND FRANCISCO JAVIER WHICH WERE BORN ON
NOVEMBER 20, 1959, JANUARY 15, 1961, AND JULY 24, 1962 IN TLAHUALIO,
DGO, MEXICO, ALL CHILDREN BORN WITH THE SAME LAST NAME (FLORES
DE ORDAZ). THE CHILDREN STAYED UNDER THE CUSTODY OF THE
MOTHER. ACCORDING TO MR. FRANCISCO FLORES CASTANEDA AND HIS
LAWYER ERNESTO ASCENCO E. SAID; RATIFY AND INITIAL ALL PART
DEMANDED, CONCLUDING WILL SUBMITT AND EXPRESS  TO THE
JURISDICTION AND TO THIS PETITION TO THIS JUDGE ON THIS 17TH DAY
OF AUGUST OF THE CURRENT YEAR, MRS MARIA CONCEPCION ORDAZ DE
FLORES, SAID TO THE JUDGE "HAS RATIFIED AND INITIALED THE PROPER
DOCUMENTS ACCORDINGLY".  CONCLUDING TO HAVE SUBMITTED TO THE
JURISDICTION A PETITION TO THIS JUDGE; ASKING TO DESOLVE THIS
MARRIAGE THAT IS DICTATED TODAY, WE HAVE NOW SATISFIED ALL THE
LEGAL DETAILS.  CONCLUSIVE:  THIS CERTIFICATE #168501, IS ISSUED IN
THIS STATE OF CHIHUAHUA IS C O N S I D E R E D AND IS COMPETENT IS
JUDGED AND RESOLVED IN THIS PRESENT CASE ACCORDING TO THE
JUDGE; CONFORMING WITH THE MATRIMONY LAW ARTICLE #29 AND THE

EXISTENCE OF THEIR CHILDREN. -DUE TO CHARACTER INCOMPATIBLITY WHICH WAS THE MOTIVE OF THE SEPARATION PRECEPTION XIX ARTICLE 30 OF THE DIVORCE LAW AND THE CONFESSION. THIS DOCUMENT IS THEREFORE A CONFIRMED DOCUMENT ACCORDING TO ARTICLE 370 OF THE CIVIL COURT, MANIFESTNG THAT IN MATRIMONY; THE MOTHER WAS GRANTED CUSTODY OT THEIR THREE CHILDREN ARTICLE 11 OF THE DIVORCE LAW. ACCORDING TO ARTICLE 1,2,10,37,43,44, AND 45 OF THE DIVORCE LAW NO ONE WILL RESOLVE THIS MARRIAGE SENTENCE UNDER ANY CIRCUMSTANCES. FIRST - THIS DECLARES THAT THE MARRIAGE BETWEEN MR. FRANCISCO CASTANEDA FLORES VERSES MARIA CONCEPCION ORDAZ DE FLORES WERE MARRIED ON JANUARY 5, 1959 IN TLAHUALILO, DGO. MEXICO. SECOND - THE CHILDREN LEFT ARE:  MARIA DOLORES, SARAI AND FRANCISCO JAVIER ARE UNDER THE CUSTODY OF THE MOTHER. THIRD - THE PRESENT IS NOW REGISTERED AND IS NOW PUBLIC AND COPIES WILL BE GIVEN TO THE INTERESTED OF THIS SOLICITED CERTIFICATE. THE INITIATIVE JUDGE CARLOS URANGA MUNOZ HAS SIGNED AND SENTENCED THIS DIVORCE DECREE.

THIS DOCUMENT IS TRUE AND EXACT OF THE ORIGINAL DECREE WHICH WAS SIGNED IN CIUDAD JUAREZ, CHIHUAHUA, MEXICO ON SEPEMBER 2, 1963.

**U.S. Department of Justice**
Immigration and Naturalization S          ce

DECISIO

Refer To This File Number: A17 305 744

Date: JUNE 02, 1999

FRANCISCO JAVIER FLORES-ORDAZ
C/O IMMIGRATION SERVICES
P.O. BOX 4007
HUNTSVILLE, TEXAS  77342-4007

It is ordered that your_____ APPLICATION FOR A CERTIFICATE OF CITIZENSHIP (FORM N-600)
_____

☒ be denied because:

☐ be revoked because:

SEE ATTACHED

DX3
Jun
6-4-99

**You may, if you wish, appeal this decision. You must submit such an appeal to THIS OFFICE with a filing fee of $110.00. If you do not file an appeal within the time allowed, this decision is final. Appeal in your case may be made to:**

☐ The Board of Immigration Appeals (Board) in Falls Church, Virginia. It must reach this office <u>within 15 calendar days</u> from the date this notice is served (18 days if this notice is mailed).

☐ The Administrative Appeals Unit (AAU) in Washington, D.C. It must reach this office <u>within 30 calendar days</u> from the date this notice is served (33 days if this notice is mailed).

**Do NOT send your appeal directly to the Board or to the AAU. Please direct any questions you may have to the Immigration and Naturalization Service office nearest your residence.**

Enclosure (s)

RECOMMENDED BY
S. HA, DAO
HOUSTON DISTRICT INS


GOVERNMENT
EXHIBIT
8

Sincerely yours,

Director/District Director

Form I-292 (Rev. 10-26-90)N

FRANCISCO JAVIER FLORES-ORDAZ                                    A17 305 744

## ATTACHMENT TO FORM I-292

Your application for a certificate of citizenship was filed under section 321(a) of the Immigration and Nationality Act. Title 8 CFR 321(a) (1) (4) states in pertinent part:

A child born outside of the United States of alien parents, or of an alien parent and a citizen parent who has subsequently lost citizenship of the United States, becomes a citizen of the United States upon fulfillment of the following conditions:

    1.     The naturalization of both parents; and if

    **2.**     Such naturalization takes place while such child is **under the age of eighteen years.**

Service records indicate that you have already attained the age of eighteen when both of your parents were naturalized.

Therefore you are statutorily ineligible for derivation of citizenship under the benefit sought.

Z 146 543 176



## Receipt for
## Certified Mail

No Insurance Coverage Provided
Do not use for International Mail
(See Reverse)

UNITED STATES
POSTAL SERVICE

Sent to
*Francisco J Flores*

Street and No
*c/o Immigration Svcs*

P O, State and ZIP Code
*P.O. Box 4007*

Postage
*Huntsville, TX 97342.*

Certified Fee

Special Delivery Fee

Restricted Delivery Fee

Return Receipt Showing
to Whom & Date Delivered

Return Receipt Showing to Whom,
Date, and Addressee's Address

TOTAL Postage          $
& Fees

Postmark or Date

*A 17 305 144*

JUN 02 1999

PS Form **3800,** March **1993**

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
HUNTSVILLE, TEXAS

File No.   A 17 305 744

In the Matter of                        )
                                        )
FRANCISCO JAVIER FLORES-ORDAZ           )        IN DEPORTATION PROCEEDINGS
aka Francisco Frank Flores              )
      Respondent          .             )
                                        )

CHARGES:          Section 241(a)(2)(A)(ii) of the Act,
                  convicted of two crimes involving moral
                  turpitude.

                  Section 241(a)(2)(A)(...ii) of the Act,
                  convicted of an aggravated felony, to wit a
                  crime of violence.

APPLICATION:      None


ON BEHALF OF RESPONDENT:              ON BEHALF OF THE SERVICE:

Barry Klar, Esquire                   John McPhail, Esquire
Texas Department of Criminal          Assistant District Counsel
Justice                               Huntsville, Texas
State Counsel for Offenders
Immigration Service Section
P.O. Box 4007
Huntsville, Texas 77342


<u>ORAL DECISION OF THE IMMIGRATION JUDGE</u>

        The respondent is 26-year-old male, native and citizen

of Mexico.  The Immigration Service issued to him an Order to

Show Cause, dated February 9, 1994.  On the Order to Show Cause,



sea

the respondent is charged with being subject to deportation because of his conviction for two crimes involving moral turpitude and for a conviction for an aggravated felony.

The respondent denied allegations one and two on the Order to Show Cause but admitted the remaining allegations. The respondent was given from April 1997 until June 4, 1999 the opportunity to pursue an application for a certificate of citizenship with the Immigration and Naturalization Service. On June 2nd, 1999, the Immigration Service denied the respondent's application for certificate of citizenship, stating that he had failed to meet or fulfill the requirements that both his parents naturalized as U.S. citizens before he reached the age of 18, and also, he be a permanent resident of the United States at the time of their naturalization in order for him to become a citizen of the United States.

The Court notes that Exhibit 4, both parents, according to the information on that Exhibit, naturalized after the respondent was 18 years of age. The Court finds that the is correct in declining or denying the respondent's application for citizenship and the Court likewise finds that the respondent is not a citizen of the United States. The information at Exhibit 4 and 2 establishes that allegations one and two are true.

The evidence, including the respondent's admissions as well as the documents at Exhibits 2 and 4 establish the

A 17 305 744                    2                    June 4, 1999

sea

truthfulness of the allegations and the Court finds that the evidence is clear, convincing and unequivocal.  That the respondent is subject to removal as charged by the Immigration and Naturalization Service.

Because of the respondent's conviction for an aggravated felony, he is statutorily ineligible for any form of relief under the Act, which requires an exercise of discretion. His 14 year sentence to confinement makes him ineligible for withholding of deportation.  And, his designation of Mexico and failure to voice or indicate any fear of returning to Mexico makes him ineligible for consideration of deferral of deportation under the United Nations Convention Against Torture.

Accordingly, the following is the order of the Court.

ORDER

IT IS HEREBY ORDERED that the respondent be removed from the United States to Mexico on the charges contained on the Notice to Appear.


JIMMIE LEE BENTON
Immigration Judge


A 17 305 744                    3                    June 4, 1999

## CERTIFICATE PAGE

I hereby certify that the attached proceeding before

JUDGE JIMMIE BENTON in the matter of:

FRANCISCO JAVIER FLORES-ORDAZ

A 17 305 744

HUNTSVILLE, TEXAS

was held as herein appears, and that this is the original

transcript thereof for the file of the Executive Office of

Immigration Review.

_____

Susan Aiello, Transcriber

Deposition Services, Inc.
6245 Executive Boulevard
Rockville, Maryland  20852
(301) 881-3344

July 15, 1999
(Completion Date)

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of   Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A17 305 744 - Huntsville

Date:   SEP 20 1999

In re: FRANCISCO JAVIER FLORES-ORDAZ a.k.a. Francisco Frank Flores

IN DEPORTATION PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Pro se

ON BEHALF OF SERVICE:   John W. McPhail
                        Assistant District Counsel

CHARGE:

Order:   Sec.   241(a)(2)(A)(ii), I&N Act [8 U.S.C. § 1251(a)(2)(A)(ii)] -
                Crimes involving moral turpitude

         Sec.   241(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1251(a)(2)(A)(iii)] -
                Convicted of aggravated felony

ORDER:

PER CURIAM.   The appeal is dismissed.  We have reviewed the record of proceedings, the Immigration Judge's decision, and the respondent's contentions on appeal.  The Immigration Judge properly found that the respondent was deportable from the United States and was ineligible for any relief from deportation.

Furthermore, the respondent's request that he be allowed to remain in this country is denied. The Immigration Judge correctly determined that the respondent was ineligible for any form of relief from deportation that is within the power of the Immigration Judge or this Board to grant. See Raya-Ledesma v. INS, 55 F.3d 418 (9th Cir. 1995); Castillo-Felix v. INS, 601 F.2d 459 (9th Cir. 1979); Matter of Soriano, Interim Decision 3289 (A.G., Feb. 21, 1997); Matter of Kim, 17 I&N Dec. 144 (BIA 1979).  We also note that no evidence was presented that the respondent has any right to United States citizenship.  The appeal is dismissed.

FOR THE BOARD

GOVERNMENT EXHIBIT 70

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI, DIVISION

| | |
|---|---|
| FRANCISCO JAVIER FLORES-ORDAZ, §<br>§<br>    Petitioner                    §<br>§<br>    v.                           §<br>§<br>JANET RENO, UNITED STATES     §<br>ATTORNEY GENERAL, ET AL.,     §<br>§<br>    Respondents                  § | CIVIL ACTION NO. C-00-017 |

## ORDER OF DISMISSAL

Before the Court is the motion of Respondents, the Attorney General of the United States and the Commissioner of the Immigration and Naturalization Service (INS), made pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss this action for lack of subject matter jurisdiction. The Court finds the motion should be granted because this petition is untimely.

In order to invoke the reviewing court's jurisdiction, the alien seeking judicial review must file his/her petition within the statutory time limits. There are no exceptions to this requirement. Stone v. INS, 115 S.Ct. 1537 (1995). In this case, the time limit is found in the IIRIRA transition rules Section 309(c)(4)(C). For all aliens, the time limit is 30 days. A review petition filed after this 30 day time limit must be dismissed. Ibrik v. INS, 108 F.3d 596 (5th Cir. 1997). Even if petitioner argues that the above time limits are only applicable to petitions

for review, the result would be the same.  This court has applied the petition for review time limit to habeas corpus petitions seeking judicial review of deportation orders.  <u>Okechukwu v. U.S.</u>, 825 F.Supp. 139 (S.D. Tex. 1993); <u>Singh v. INS</u>, 825 F.Supp. 143 (S.D. Tex. 1993).  Petitioner filed this petition more than three months after the BIA's September 20, 1999 deportation order.  Therefore, this petition is untimely and this Court lacks subject matter jurisdiction to entertain it.

In the alternative, Respondents moved pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment because there is no issue of material fact and they are entitled to judgment as a matter of law.

The Court finds that even if it had jurisdiction to entertain this habeas corpus petition, Respondents should be granted summary judgment.  There is no issue of material fact because petitioner seeks judicial review of his deportation order in this case and it will be decided upon review of the administrative record made up of documents from petitioner's INS administrative file (A-File) attached as exhibits to this motion.  Respondents are entitled to judgment because petitioner cannot establish the substantial prejudice needed to sustain a due process challenge to a deportation order.

Courts review due process challenges to administrative immigration deportation or removal orders on a <u>de novo</u> basis. <u>Anwar v. INS</u>, 116 F.3d 140, 144 (5th Cir 1997); <u>Ogbemudia v. INS</u>,

988 F.2d 595, 598 (5th Cir. 1993). However, due process challenges to deportation and removal orders require an initial showing of substantial prejudice. <u>Anwar</u>, at 144; <u>Howard v. INS</u>, 930 F.2d 432, 436 (5th Cir. 1991). In order to show substantial prejudice, Flores must make a prima facie showing of eligibility for relief from deportation and a strong showing that relief would be granted. <u>Anwar</u>, at 144. As an alien who is deportable as an aggravated felon, Flores is ineligible for any relief from deportation. Consequently, he cannot sustain a due process challenge to his deportation order.

IT IS ORDERED that this petition is dismissed with prejudice. Ordered this _____ day of _____, 2000 at Corpus Christi, Texas.

_____
UNITED STATES DISTRICT JUDGE