IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI, DIVISION

United States District Court
Southern District of Texas
FILED

APR 13 2000

MICHAEL N. MILBY, CLERK

| | § |
|---|---|
| FRANCISCO JAVIER FLORES-ORDAZ, | § |
| | § |
| Petitioner | § |
| | §  CIVIL ACTION NO. C-00-017 |
| v. | § |
| | § |
| JANET RENO, UNITED STATES | § |
| ATTORNEY GENERAL, ET AL., | § |
| | § |
| Respondents | § |

## RESPONDENTS' MOTION TO DISMISS

Respondents, the Attorney General of the United States and the Commissioner of the Immigration and Naturalization Service (INS), move pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss this action for lack of subject matter jurisdiction because this petition is untimely. In support of this position, respondents submit the following:

### STATEMENT OF THE CASE

Petitioner, Francisco Javier Flores-Ordaz (Flores), is a burglar and rapist from Mexico. He lost his resident alien status and was ordered deported because of his aggravated felony convictions. Belatedly, Flores seeks judicial review of that deportation order in this case.

While respondent concedes that this court has subject matter jurisdiction to entertain habeas corpus petitions seeking review of constitutional and statutory challenges to deportation orders by

criminal aliens precluded from seeking direct review in the courts of appeals by the transition rules in Section 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. 104-208, 110 Stat. 3009 (September 30, 1996) (IIRIRA), the Court lacks subject matter jurisdiction to entertain this petition because it is untimely. In a separate motion for summary judgment, respondent addresses the lack of merit to petitioner's challenge to his deportation order.

## LEGAL ANALYSIS

### A. Standard of review for Rule 12(b)(1) dismissals.

A motion to dismiss under Fed.R.Civ.P. 12(b)(1) may be granted on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or, (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. <u>Barrera-Montenegro v. United States</u>, 74 F.3d 657, 659 (5th Cir. 1996). In ruling on a motion to dismiss for lack of subject matter jurisdiction, the court must take as true all of the allegations in the complaint. <u>Saraw Partnership v. United States</u>, 67 F.3d 567, 569 (5th Cir. 1995). However, the petitioner or plaintiff carries the burden of establishing that the court has jurisdiction. <u>B., Inc. v. Miller Brewing Co.</u>, 663 F.2d 545, 549 (5th Cir. 1981) (finding that it is the burden of the party "urg[ing] jurisdiction" to demonstrate that there is jurisdiction);

2

see also Epps v. Bexar-Medina-Atascosa Counties Water Improvement District No. 1, 665 F.2d 594, 595 (5th Cir. 1982).

**B. The effect of recent amendments to the INA on this case.**

This is a habeas corpus petition in which the petitioner, an aggravated felon alien, seeks judicial review of the Board of Immigration Appeals' (BIA) September 20, 1999 deportation order. Under IIRIRA Section 309(c)(4), the transition rules concerning judicial review took effect for final orders entered "more than 30 days after the date of enactment"(September 30, 1996). Since petitioner's final order was entered after the IIRIRA's transition rules effective date, they apply.

Consequently, this case is governed by the pre-IIRIRA Immigration and Nationality Act (INA) Section 106 [8 U.S.C. § 1105a] as amended by the IIRIRA transition rules. In a case interpreting the judicial review remaining for criminal aliens under the IIRIRA transition rules, the Fifth Circuit concluded that habeas jurisdiction continues to exist in those cases and the "jurisdiction is capacious enough to include constitutional and statutory challenges". Requena-Rodriguez v. Pasquarell, 190 F.3d 299, 305 (5th Cir. 1999).

Respondents concede that this court has subject matter jurisdiction to entertain habeas corpus petitions seeking review of constitutional and statutory challenges to deportation orders by criminal aliens precluded from review by the IIRIRA transition

3

rules. However, the Court lacks subject matter jurisdiction to entertain this petition because it is untimely.

**C. This court lacks subject matter jurisdiction over this case because the petition is untimely.**

In order to invoke the reviewing court's jurisdiction, the alien seeking judicial review must file his/her petition within the statutory time limits. There are no exceptions to this requirement. <u>Stone v. INS</u>, 115 S.Ct. 1537 (1995). In this case, the time limit is found in the IIRIRA transition rules Section 309(c)(4)(C). For all aliens, the time limit is 30 days. A review petition filed after this 30 day time limit must be dismissed. <u>Ibrik v. INS</u>, 108 F.3d 596 (5th Cir. 1997). Even if petitioner argues that the above time limits are only applicable to petitions for review, the result would be the same. This court has applied the petition for review time limit to habeas corpus petitions seeking judicial review of deportation orders. <u>Okechukwu v. U.S.</u>, 825 F.Supp. 139 (S.D. Tex. 1993); <u>Singh v. INS</u>, 825 F.Supp. 143 (S.D. Tex. 1993). Petitioner filed this petition more than three months after the BIA's September 20, 1999 deportation order. Therefore, this petition is untimely and this court lacks subject matter jurisdiction to entertain it.

In <u>United States ex rel. Marcello v. District Director</u>, 634 F.2d 964, 970 (5th Cir. 1981) the court discussed the situation where an alien filed a habeas corpus petition seeking review of a deportation order after the statutory time limit for filing a

4

petition for review had expired. The court noted "a mere failure to appeal at all within the [then] six-month period provided would raise immediate questions of deliberate bypass of statutory remedies, and . . . habeas relief would likely be held unavailable . . . ." Marcello, 634 F.2d at 970. The court noted in the analogous context of 28 U.S.C. § 2255 proceedings "that a deliberate bypass of the provided remedy of federal appeal generally forecloses raising by the extraordinary means of habeas issues that could have been asserted in the foregone appeal." Id. at n.10.

In Men Keng Chang v. Jiugni, 669 F.2d 275 (5th Cir. 1982), the court considered a direct appeal of the denial of an alien's habeas corpus petition seeking review of his deportation order and denial of his motion to reopen. The BIA affirmed Chang's deportation order on June 4, 1976; and, denied the motion to reopen on September 9, 1980. Chang filed his habeas corpus petition on October 7, 1980. On appeal, the court did not consider the merits of the appeal from the denial of the habeas corpus petition with respect to the deportation order "because of the untimeliness of the challenge". 669 F.2d at 278. However, it did consider the merits of the appeal from the denial of the habeas corpus petition with respect to the motion to reopen because the habeas corpus petition was filed within the statutory time limit. Therefore, it is clear that a habeas corpus petition filed in the district court

5

seeking review of a deportation order must be filed within the time limits prescribed for filing a petition for review in the court of appeals.

In this case, Flores sat on his rights for over three months before filing this petition. Such delaying tactics should not be tolerated and are contrary to the public policy of quick resolution of immigration litigation.

To entertain this petition at this time, would be contrary to the intent of Congress as expressed in the history of recent Immigration legislation. In 1961, Congress enacted INA Section 106 [8 U.S.C. § 1105a]. To eliminate inordinate delays, the law dictated that "review be sought within six months of the final deportation order." Marcello, 634 F.2d at 968. This time limit was amended to 90 days for aliens convicted of aggravated felonies by the Section 7347(b) of the Anti-Drug Abuse Act of 1988, Pub.L. 100-690 (Nov. 18, 1988). Later, Sections 502 and 505 of the Immigration Act of 1990, Pub.L. 101-649 (Nov. 29, 1990) reduced the time limit to 90 days for most aliens and 30 days for aggravated felons. The time limit was again shortened by the IIRIRA transition rules. IIRIRA Section 309(c)(4)(C) required that "the petition for judicial review" must be filed not later than 30 days after the date of the final order of exclusion or deportation for all aliens. This same time limit is mandated under the IIRIRA permanent rules pursuant to INA Section 242(b)(1) [8 U.S.C. §

6

1252(b)(1)]. To allow an aggravated felon, like Flores, to wait over three months to seek judicial review flies in the face of this clear statement of public policy as seen in Congress' mandate for timely review expressed by this legislation. Flores's petition should be dismissed as untimely.

## CONCLUSION

This petition should be dismissed for lack of subject matter jurisdiction because it is untimely.

Respectfully submitted,

MERVYN M. MOSBACKER
United States Attorney

By: _____
Howard E. Rose
Special Assistant U.S. Attorney
910 Travis St., Suite 1500
P.O. Box 61129
Houston, Texas  77208
(713) 567-9506
Bar #:  OHIO  0000859

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was mailed via First Class Mail, postage prepaid to the following on this the 11TH day of April, 2000.

Francisco Javier Flores-Ordaz
#614797
McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

*[signature]*
Howard E. Rose

8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI, DIVISION

| | |
|---|---|
| FRANCISCO JAVIER FLORES-ORDAZ, § § | |
| Petitioner § § | CIVIL ACTION NO. C-00-017 |
| v. § § | |
| JANET RENO, UNITED STATES § ATTORNEY GENERAL, ET AL., § § | |
| Respondents § | |

## ORDER OF DISMISSAL

Before the Court is the motion of Respondents, the Attorney General of the United States and the Commissioner of the Immigration and Naturalization Service (INS), made pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss this action for lack of subject matter jurisdiction. The Court finds the motion should be granted because this petition is untimely.

In order to invoke the reviewing court's jurisdiction, the alien seeking judicial review must file his/her petition within the statutory time limits. There are no exceptions to this requirement. Stone v. INS, 115 S.Ct. 1537 (1995). In this case, the time limit is found in the IIRIRA transition rules Section 309(c)(4)(C). For all aliens, the time limit is 30 days. A review petition filed after this 30 day time limit must be dismissed. Ibrik v. INS, 108 F.3d 596 (5th Cir. 1997). Even if petitioner argues that the above time limits are only applicable to petitions

for review, the result would be the same. This court has applied the petition for review time limit to habeas corpus petitions seeking judicial review of deportation orders. <u>Okechukwu v. U.S.</u>, 825 F.Supp. 139 (S.D. Tex. 1993); <u>Singh v. INS</u>, 825 F.Supp. 143 (S.D. Tex. 1993). Petitioner filed this petition more than three months after the BIA's September 20, 1999 deportation order. Therefore, this petition is untimely and this Court lacks subject matter jurisdiction to entertain it.

In the alternative, Respondents moved pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment because there is no issue of material fact and they are entitled to judgment as a matter of law.

The Court finds that even if it had jurisdiction to entertain this habeas corpus petition, Respondents should be granted summary judgment. There is no issue of material fact because petitioner seeks judicial review of his deportation order in this case and it will be decided upon review of the administrative record made up of documents from petitioner's INS administrative file (A-File) attached as exhibits to this motion. Respondents are entitled to judgment because petitioner cannot establish the substantial prejudice needed to sustain a due process challenge to a deportation order.

Courts review due process challenges to administrative immigration deportation or removal orders on a <u>de novo</u> basis. <u>Anwar v. INS</u>, 116 F.3d 140, 144 (5th Cir 1997); <u>Ogbemudia v. INS</u>,

988 F.2d 595, 598 (5th Cir. 1993). However, due process challenges to deportation and removal orders require an initial showing of substantial prejudice. <u>Anwar</u>, at 144; <u>Howard v. INS</u>, 930 F.2d 432, 436 (5th Cir. 1991). In order to show substantial prejudice, Flores must make a prima facie showing of eligibility for relief from deportation and a strong showing that relief would be granted. <u>Anwar</u>, at 144. As an alien who is deportable as an aggravated felon, Flores is ineligible for any relief from deportation. Consequently, he cannot sustain a due process challenge to his deportation order.

IT IS ORDERED that this petition is dismissed with prejudice. Ordered this _____ day of _____, 2000 at Corpus Christi, Texas.

_____
UNITED STATES DISTRICT JUDGE