United States District Court
Southern District of Texas
ENTERED

JUN - 8 2000

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRANCISCO JAVIER FLORES-ORDAZ | § § | |
| VS. | § § | C.A. NO. C-00-017 |
| JANET RENO, UNITED STATES ATTORNEY GENERAL, ET AL. | § § § | |

## MEMORANDUM AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

In this habeas corpus action, petitioner Francisco Javier Flores-Ordaz ("Flores") seeks relief from a pending deportation order claiming that he was denied due process at his deportation hearing by virtue of a biased immigration judge, the introduction of inadmissable evidence, ineffective assistance of trial counsel, illegal sentencing, and the denial of his right to appeal (DE #1). Flores further challenges the deportation order on the grounds that it violates the Family Unity Program and denies him of his right to citizenship as a former member of the armed services. Respondent moves for dismissal on the grounds that the petition is untimely (DE #8), or in the alternative, for summary judgment on the grounds that Flores' claims have no merit (DE #7). Flores has failed to file a response to either motion.[1] For the reasons stated herein, it is recommended that Flores' petition be dismissed as untimely, or, in the alternative, denied on the merits.

---

[1] Under Local Rule 7.4, failure to file a response is taken as a representation of no opposition. See also Martinez v. Johnson, 104 F.3d 769 (5th Cir.), cert. denied, 522 U.S. 875, 118 S. Ct. 195 (1997)(affirming dismissal of habeas corpus petition for failure of petitioner to respond to motion for summary judgment).

## I. JURISDICTION

Flores filed this habeas corpus action on January 14, 2000, pursuant to 28 U.S.C. § 2241. Respondent concedes that the Court has subject matter jurisdiction to entertain habeas corpus petitions seeking review of constitutional and statutory challenges to deportation orders, but moves to dismiss for lack of subject matter jurisdiction on the grounds that Flores' petition is untimely.

## II. BACKGROUND FACTS AND PROCEEDINGS

A. Background facts.

Flores entered the United States as a resident alien on July 29, 1966. RSJ[2] Ex. 1

On September 26, 1980, Flores entered the U.S. Navy. RSJ Ex. 2. He was released from active duty on February 15, 1982, with a general discharge under honorable conditions. RSJ Ex. 2 at 2.

By indictment dated November 9, 1983, Flores was charged with the third degree felony offense of burglary of a motor vehicle in Val Verde County, Texas. RSJ Ex. 3 at 1. Flores pled guilty and was placed on probation. RSJ Ex. 3 at 3. On April 3, 1986, his probation was revoked, RSJ Ex. 3 at 4-5, and Flores was sentenced to two years in the Texas Department of Corrections, now the Texas

---

[2] "RSJ" refers to respondent's motion for summary judgment (DE #7) and the exhibits attached thereto. The exhibits have not been sworn to or otherwise properly authenticated; however, Flores has failed to object to the exhibits and any objections are deemed waived. See Johnson v. United States Postal Service, 64 F.3d 233, 237 (6th Cir. 1995) (failure to object constitutes waiver of objections to summary judgment evidence).

2

Department of Criminal Justice, Institutional Division ("TDCJ-ID"). RSJ Ex. 3 at 5.

In 1991, Flores was charged with second degree sexual assault in Deaf Smith County, Texas. RSJ Ex. 4 at 1. Flores pled guilty, and on December 20, 1991, the trial court accepted his plea and sentenced Flores to fourteen (14) years imprisonment in the TDCJ-ID. RSJ Ex. 4 at 1. Flores is currently serving the sexual assault sentence. RSJ at 3.

On March 24, 1997, the United States Department of Justice, Immigration and Naturalization Service ("INS") served Flores with an Order to Show Cause ("OSC") why he should not be deported. RSJ Ex. 5. The OSC charged Flores with being deportable as an alien convicted of two crimes involving moral turpitude and an aggravated felony. RSJ Ex. 5 at 6, 7.

Through his attorney, Flores moved for a continuance of his deportation proceedings so that he could apply for a certificate of citizenship, and that request was granted. RSJ Ex. 6 at 9.

In his citizenship application, RSJ Ex. 7, Flores claimed that he became a citizen when his parents were naturalized. However, the application revealed that Flores, who was born on July 24, 1962, was over the age of 18 on March 20, 1985, the date his father was naturalized, and well over 18 on April 10, 1992, the date his mother was naturalized. Because Flores was over 18 when his parents were naturalized, he did not acquire citizenship through his parents. On June 2, 1999, the INS denied Flores' application for citizenship. RSJ Ex. 8.

3

After the certificate of citizenship was denied, the adjourned deportation proceedings were reconvened on June 4, 1999. RSJ Ex. 6 at 11. The Immigration Judge ("IJ") admitted into evidence Flores' application for citizenship and the INS denial of the application. RSJ Ex. 6 at 12. The IJ found that Flores was not a citizen of the United States and that he was deportable as charged in the OSC. RSJ Ex. 6 at 13. Flores did not make an application for relief from removal. RSJ Ex. 6 at 13. The IJ ordered that Flores be deported to Mexico. RSJ Ex. 6 at 13, Ex. 9.

Flores appealed the order of deportation to the Board of Immigration Appeals ("BIA") and on September 20, 1999, the BIA dismissed the appeal. RSJ Ex. 10. Flores did not appeal the decision of the BIA to the Fifth Circuit.

### III. PETITIONER'S ALLEGATIONS

In his petition, Flores challenges the deportation order on the following seven (7) grounds:

1. The evidence used to support his deportation was obtained through improper and unconstitutional means because the IJ participated in obtaining the evidence used against him;

2. He was denied due process when he was denied his request for reinstatement to legal alien status without the opportunity to present evidence or argue;

3. He was denied his right to appeal when the IJ refused to allow him to present evidence that the Director of the INS in Houston abused his discretion in denying Flores' citizenship application;

4. His deportation would violate the U.S. Family Unity Program;

4

5.  He is being denied his right to U.S. citizenship to which he is entitled by virtue of his service in the U.S. Navy;

6.  He received ineffective assistance of trial counsel at his deportation hearing; and

7.  He was sentenced in violation of the *ex post facto* clause of the Constitution.

FP at 2-3.

## IV. DISCUSSION

**A. Law applicable to Flores' challenged deportation order.**

Prior to the Illegal Immigration Reform and Responsibility Act of 1996 ("IIRIRA"), Pub. L. 104-208, 110 Stat. 3009 (Sept. 30, 1996), federal courts had the authority under the Immigration and Naturalization Act ("INA") to review, within certain limitations, challenges to INS deportation orders. Effective April 1, 1997, IIRIRA effectively eliminated federal habeas corpus review for persons contesting a deportation decision. See Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 119 S. Ct. 936, pet. for reh'g denied, 119 U.S. 1498 (1999); Requena-Rodriguez v. Pasquarell, 190 F.3d 299, 305 (5th Cir. 1999); Richardson v. Reno, 180 F.3d 1311 (11th Cir. 1999), cert. denied, 120 S. Ct. 1529 (2000). Flores, however, was placed in deportation proceedings before the IIRIRA's April 1, 1997 effective date,[3] and as such, judicial review of his deportation order is still available under IIRIRA's transitional rules. See IIRIRA § 309(c)(1)(B).

---

[3] Flores was placed in deportation proceedings on March 24, 1997 when he was served with a copy of the OSC.

5

B. **Respondent's motion to dismiss.**

Respondent moves to dismiss on the grounds that Flores' petition is untimely. An alien seeking judicial review of a deportation order must file his petition within the statutory time limits, and there are no exceptions to this requirement. Stone v. I.N.S., 514 U.S. 386, 405, 115 S. Ct. 1537, 1549 (1995).

Pursuant to the IIRIRA transitional rules, an alien seeking judicial review of a deportation order must file his petition for review with the appropriate court of appeals within thirty (30) days of the deportation order. IIRIRA § 309(c)(4)(C) and (D). Here, Flores did not seek review of the deportation order in the Fifth Circuit.

Failure to seek direct review in the appropriate court of appeals within the statutory time period bars the subsequent filing of a habeas corpus petition as untimely. See Marcello v. District Director of I.N.S., 634 F.2d 964, 970 (5th Cir.), cert. denied, 452 U.S. 917, 101 S. Ct. 3052 (1981)("deliberate bypass of the statutory remedy of direct review by the appropriate court of appeals should render habeas relief unavailable"); Okechukwu v. United States, 825 F. Supp. 139 (S.D. Tex. 1993)(writ of habeas corpus unavailable when, prior to petitioning for habeas corpus relief, petitioner had failed to seek direct review in the appropriate court within the statutory time period); Singh v. I.N.S., 825 F. Supp. 143, 145 (S.D. Tex. 1993)(petitioner who deliberately bypasses statutorily prescribed method of judicial review is precluded from raising those claims in a habeas corpus proceeding). Cf. Homayun v. Cravener, 39 F. Supp. 2d 837, (S.D.

6

Tex. 1999) (thirty day limitations period does not apply to habeas corpus petitions where petitioner has first appealed BIA decision to the appropriate court of appeals).

To allow review of a deportation order by habeas petition after the statutory time for direct judicial review has passed introduces "an added level of review, and hence delay, and thereby undermine[s] the efficiency and expediency Congress sought to achieve." Okechukwn, 825 F. Supp. at 142.

In this case, the IJ announced his oral decision of deportation on June 4, 1999, RSJ Ex. 9, and Flores took an administrative appeal. The BIA issued its decision denying Flores' appeal on September 20, 1999. RSJ Ex. 10. Flores had 30 days to seek judicial review of the BIA's order. IIRIRA § 309(c)(4)(C). Flores did not appeal the BIA decision to the Fifth Circuit, and does not identify any reason why he did not do so. As such, he is precluded from seeking habeas corpus relief and his instant petition, filed January 14, 2000, is untimely. It is recommended that respondent's motion to dismiss for lack of subject matter jurisdiction be granted.

C. **Motion for summary judgment.**

Flores challenges his deportation order on grounds of due process violations. Respondent moves for summary judgment, arguing that even if his habeas petition is not barred, Flores' claims have no merit.

It is clearly established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings. Animashaun v. I.N.S., 990 F.2d 234, 238 (5th Cir.), cert. denied,

7

510 U.S. 995, 114 S. Ct. 557 (1993). Courts review due process challenges to administrative deportation or removal orders on a *de novo* basis. <u>Anwar v. I.N.S.</u>, 116 F.3d 140, 144 (5th Cir. 1997); <u>Ogbemudia v. I.N.S.</u>, 988 F.2d 595, 598 (5th Cir. 1993). However, due process challenges to deportation and removal orders require an initial showing of substantial prejudice. <u>Anwar</u>, 116 F.3d at 144; <u>Howard v. INS</u>, 930 F.2d 432, 436 (5th Cir. 1991). In order to show substantial prejudice, Flores must make a prima facie showing of eligibility for relief from deportation and a strong showing that relief would be granted. <u>Anwar</u>, 116 F.3d at 144. As discussed below, Flores fails to identify any relief from deportation for which he is statutorily eligible.

In his first claim, Flores argues that improper evidence was used to find him deportable. He complains that the IJ unconstitutionally participated in obtaining evidence and cites to the hearing transcript in which the IJ questioned his counsel concerning his citizenship, RSJ Ex. 6 at 6 and 7. This claim has no merit.

Flores' appeared before the IJ for his deportation hearing on four different dates: April 24, 1997; June 4, 1997; July 8, 1997; and June 4, 1999. At the first hearing, Todd Keller, Flores's counsel, asked that the matter be reset because Keller was going to research whether Flores was entitled to citizenship by virtue of being the child of divorced parents with the sole custodian a naturalized citizen. RSJ Ex. 6 at 2. The IJ granted the continuance and gave Keller until June 4, 1997 to research the law. RSJ Ex. 6 at 3. The hearing was reconvened on June 4, 1997, and

8

Keller announced that he was not ready to proceed because he had just received documents from Flores' family and, based on these documents, he intended to file an application for citizenship on Flores' behalf. RSJ Ex. 6 at 6. The IJ then asked Flores questions concerning when his parents were divorced, who had custody, and the dates on which his parents were naturalized. RSJ Ex. 6 at 6-7. The IJ made no determination on Flores' citizenship claim but simply reset the case for July 8, 1997. RSJ Ex. 6 at 7. On July 8, 1997, Keller announced that Flores had filed an application for a certificate of citizenship; the IJ reset the deportation hearing to allow the INS to rule on Flores' citizenship application. RSJ Ex. 6 at 9.

The actual deportation hearing was held on June 4, 1999. RSJ Ex. 6 at 11. At the hearing, the INS introduced as evidence Flores' application for citizenship and the INS's decision denying Flores' application. RSJ Ex. 6 at 12. In his deportation decision, the IJ found that Flores was ineligible for citizenship based on the naturalization of his parents because he was over the age of 18 when they were naturalized. RSJ Ex. 6 at 13. He also found that Flores had been convicted of two crimes involving moral turpitude and an aggravated felony such that he was subject to deportation. RSJ Ex. 6 at 13-15.

There is no evidence to suggest that the IJ wrongfully obtaining evidence when he questioned Flores about his parents at the June 4, 1997 hearing. Moreover, Flores' application for citizenship and the denial of that application were properly admitted into evidence at the deportation hearing, with no

9

objection by Flores. This claim has no merit.

In his second and third claims, Flores complains of due process violations based on "the discriminatory denial of his request for reinstatement to legal alien status" (claim 2) and abuse of the IJ by refusing to admit evidence of bias of the Houston Director of the INS (claim 3). FP at 2. Flores offers no evidence or argument to support these claims. Moreover, even if he could establish that his request for legal alien status was unconstitutionally denied, legal alien status would not prevent his deportation because he was convicted of two crimes involving moral turpitude and one aggravated felony. 8 U.S.C. §§ 1251(a)(2)(A)(ii) and (iii); RSJ Ex. 9 at 2. Similarly, even if the IJ abused his discretion in refusing to admit evidence that the Houston INS director was biased, such evidence does not change the fact that Flores is an alien convicted of two felonies, and as such, subject to deportation. These claims have no merit.

In his fourth claim, Flores argues that his deportation violates the Family Unit Program.[4] Flores fails to show factually or legally that the family unity provision would have afforded him relief if he had raised it during his deportation proceedings. Significantly, however, there is no evidence to suggest that Flores ever sought relief from his deportation proceedings based on the

---

[4]The family unity provision of the Immigration Act of 1990, § 310, Pub. L. No. 101-649, 100 Stat. 4978, provides, *inter alia*, that an *eligible* immigrant who entered the United States before December 1, 1988 may not be removed or otherwise required to depart and shall be granted authorization to engage in employment. A qualified immigrant is a spouse or unmarried child of a legalized alien.

10

family unity provision. As such, he could not have been denied due process in this regard. This claims is without merit.

In his fifth claim, Flores claims that he was denied "his right to citizenship" despite his service in the United States Navy. Military service, however, does not in and of itself entitle an alien to citizenship; it only waives certain requirements for naturalization such as residency in a state or the United States. See 8 U.S.C. §§ 1439, 1440. Moreover, Flores did not apply for citizenship based on military service, but based on his parents' naturalization. This claim has no merit.

In his sixth claim, Flores claims that he received ineffective assistance of counsel at his deportation proceedings.

Because deportation is a purely civil proceeding, "'various protections that apply in the context of a criminal trial do not apply in a deportation hearing.'" <u>Patel v. I.N.S.</u>, 803 F.2d 804, 806 (5th Cir. 1986) quoting <u>I.N.S. v. Lopez-Mendoza</u>, 468 U.S. 1032, 1040, 104 S. Ct. 3479, 3484 (1984). An alien in deportation proceedings has a statutory right to representation at no expense to the government. 8 U.S.C. § 1252(b)(1995)(repealed). That is, the right to counsel in deportation proceedings "[was] rooted not in the sixth amendment right to counsel, but in the fifth amendment right to due process." <u>Patel</u>, 803 F.2d at 806. "To prevail on a claim of ineffective assistance of counsel at a deportation proceeding, an alien must show (1) ineffective representation and (2) substantial prejudice, which occurred as a result of the ineffective representation." <u>Miranda-Lores v. I.N.S.</u>, 17 F.3d 84, 85 (5th Cir. 1994).

11

Flores fails to show that his counsel's representation of him through the deportation proceedings was deficient. Flores cites to no part of the transcript to illustrate the deficient performance. Moreover, the transcript shows that Flores' counsel sought and obtained several continuances to pursue a citizenship application. The fact that his application was denied does not establish inadequate representation. Finally, even if Flores could establish that his counsel's performance was deficient, he fails to establish any prejudice. The administrative record shows that Flores was deportable as an alien who was convicted of two crimes involving moral turpitude and one aggravated felony. 8 U.S.C. §§ 1251(a)(2)(A)(ii) and (iii). Flores cannot make a preliminary showing that he would be entitled to any relief from deportation even had he been denied effective assistance of counsel.

In his seventh and final claim, Flores argues that the application of aggravated felony in 8 U.S.C. § 1101(a)(43) as amended by the IIRIRA is impermissibly retroactive because his convictions pre-date the amendments. Specifically, Flores argues that his rape conviction was not determined to be an aggravated felony at the time of the offense such that the retroactive criminal categorization violates his due process rights. This argument has been rejected by the Fifth Circuit. See <u>Max-George v. Reno</u>, 205 F.3d 194 (5th Cir. 2000)(Congress has power to make alien's past criminal conduct subject to present or future deportation even if alien could not have been deported for that conduct at time it was committed). This claim has no merit.

12

## VI. **RECOMMENDATION**

    Flores bypassed the appeal of his deportation order to the Fifth Circuit such that habeas corpus review is precluded as untimely and the Court is without subject matter jurisdiction. As such, it is respectfully recommended that respondent's motion to dismiss be granted. In the alternative, Flores fails to make a substantial showing of prejudice to support his claims for relief. The undisputed evidence establishes that he is an alien convicted of two crimes for moral turpitude and an aggravated felony and is thus subject to deportation. It is recommended that respondent's motion for summary judgment be granted and that Flores' petition for § 2241 relief be be denied as without merit.

    Respectfully submitted this __7__ day of June, 2000.

_____
JANE COOPER-HILL
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).